# Borough of Blooming Valley.

1. The Act of 3d April, 1851, provides for incorporation of boroughs, without regard to the number of population.

2. A court would not refuse a charter merely because adjacent farming lands, the owners of which joined in the petition, were embraced.

3. The extent and character of the land are not *per se* controlling objections, if the parties to be affected are willing to be included ; but a court should exercise a sound discretion in these respects.

4. Borough of L. Meadows, 11 Casey 336, Borough of Sewickley, 12 Id. 80, remarked on.

October 24th 1868. Before Thompson, Strong, Read and Agnew, JJ. Woodward, C. J., absent.

Certiorari to the Court of Quarter Sessions of *Crawford county :* No. 70, to October and November Term 1867.

On the 15th of February the petition of fifty inhabitants of Woodcock township was presented to the Court of Quarter Sessions of Crawford county ; setting forth that the *said town* contained a collection of houses, collocated after a regular plan in regard to streets and lanes," and that they were desirous that it should be incorporated by the title of " The Borough of Blooming Valley," according to boundaries specified in the petition,

[Borough of Blooming Valley.]

containing 1203 acres. The petition was accompanied with a draft of the proposed borough. The petitioners represented also that they were a majority of the freeholders residing within the limits described. They prayed that their application might be laid before the grand jury, and that after the proceedings directed by the Act of Assembly the said borough might be incorporated.

The grand jury the same day reported that it was expedient to grant the prayer of the petitioners.

On the 16th of February there was presented a remonstrance of 180 citizens of Woodstock township against granting the petition, as " it would be detrimental to said township in school and township affairs." A commissioner was appointed to take testimony. The evidence of the remonstrants was that there were many school-houses, bridges and roads in Woodcock township that were hard to keep up ; that there were about twenty inhabitants in the village proper, and about ten farms with habitations in the proposed borough ; that the property included within the proposed borough was of greater value relatively than in the other parts of the township, &c.

On the part of the petitioners the evidence was that every man in the limits of the proposed borough was a petitioner for it ; that the roads in those limits were much greater than in any other 1200 acres in the township ; that five out of eight bridges were in the proposed limits ; that the school-house in the village was not sufficient to accommodate the scholars, was old and inferior to others in the township ; that the school directors had taken no steps to build another ; that the election-house in the township was at an inconvenient distance, &c.

On the 18th of March 1867 the following exceptions were filed :—

1. The petition authorizes and demands the incorporation into a borough of two distinct villages, with a tract of open farming country.

2. The village proposed to be incorporated into a borough includes within the boundaries of the corporation a large body of surrounding farm lands, to wit, 1200 acres.

3. A sub-school district is divided in the proposed incorporation.

4. The incorporation of said district of country into a borough would be unjust and oppressive to the people of the township, outside of the limits, with regard to the schools and the school and road-tax, and would be a grievance, and retard the prosperity of the whole township.

5. There is no village within the proposed borough.

6. Several entire farms, with no buildings on them but farm buildings, are included within the proposed borough.

On the 17th of May 1867 the court granted the incorporation

prayed for, &c., and decreed that the said borough be a separate school district.

The remonstrants removed the proceedings by certiorari, and assigned the following errors :—

1. The court erred in incorporating the proposed borough.

2, 3 and 4. The court erred in overruling the 2d, 4th and 6th exceptions.

5. The court had no jurisdiction to incorporate such an extent of country as is included within the proposed borough.

*P. Church* and *W. R. Bole*, for plaintiffs in error, cited Bor. of W. Philadelphia, 5 W. & S. 283 ; Borough of Little Meadows, 4 Casey 256 ; s. c. 11 Id. 336.

*C. R. Marsh* and *Pettis*, for defendants in error, cited same cases as cited on the other side ; also Borough of Sewickley, 12 Casey 80.

The opinion of the court was delivered, November 4th 1867, by
AGNEW, J.—Since the decision in the case of the Borough of West Philadelphia, 5 W. & S. 281, the legislation upon the subject of incorporating boroughs has undergone marked change. A chief objection in that case was that none of the four villages within the boundaries proposed, excepting the village of West Philadelphia, contained three hundred inhabitants, and it did not appear that a majority of the inhabitants of any one of them had petitioned for the incorporation.

The spirit if not the letter of the law, as it then stood, discountenanced the kneading together of villages and plain into a single batch ; or that one large town should thus swallow up its minor neighbors and the intervening farm land. But the 21st section of the Act of 3d April 1851, relating to boroughs, provides for incorporation without regard to the number of the population, and the 30th enables the burgess and council of a borough, on the petition of twenty freehold owners of lots, outlots *or other tracts of land* in any adjacent section, to declare by ordinance the admission of such section into the borough. With this expression of legislative intent before it, no court would refuse a charter merely because adjacent farming lands were embraced, the owners of which united in the petition, when it is in their power to be admitted by the mere ordinance of the borough authorities, immediately after the charter shall have been granted by the court. Then came the Act of 1863, recognising this power as existing in the court, by authorizing it upon an application for incorporation, if the boundaries embrace lands exclusively used for the purpose of farming, and not properly belonging to a town or village, to modify and change such boundaries at the request of

[Borough of Blooming Valley.]

the parties aggrieved, so as to exclude such land. These acts clearly show the legislative intent, that the extent and character of the land are not *per se* controlling objections if the parties to be affected are willing to be included. A court should, however, always exercise a sound discretion in these respects. The principle upon which the case of the Borough of Sewickley, 12 Casey 80, was decided coincides directly with this view.

The case of the Borough of Little Meadows was decided before the passage of the Act of 1863, and without any apparent reference to the provision in the Act of 1851, for the admission of adjacent sections. In that case the exceptions inform us also that there was no substantial town or village within the limits of the proposed charter, the territory being composed of several entire farms with no buildings but farm-houses, while the nucleus which was to attract together this thin and unsubstantial train contained only a small store and church, and no persons pursuing the mechanic arts. In this case we have a numerous collection of houses, extending along a state road almost to the utmost limits, and those living outside of this collocation unite in the petition and desire the charter. The objections coming wholly from without, we perceive no abuse of sound discretion in the court below which can enable us to review the action of the court upon a certiorari.

Proceedings affirmed.