131      365
25 SC  556

# INCORPORATION OF WILKINSBURG BOROUGH.

APPEAL BY MARY SINGER FROM THE COURT OF QUARTER
SESSIONS OF ALLEGHENY COUNTY.

Argued November 11, 1889—Quashed at Bar.*

An appeal and certiorari to review a final decree of the Court of Quarter
Sessions incorporating a borough, taken more than two years after the
date of the decree and by less than three persons aggrieved thereby,
will be quashed: Act of April 1, 1874, P. L. 50; Wilkins Tp. Road, 5
Cent. R. 701; Act of May 9, 1889, P. L. 174.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 265 October Term 1889, Sup. Ct.; court below, No. 40
March Term 1887, Misc. D.

On April 11, 1887, a petition was presented and filed for the
incorporation of the town of Wilkinsburg as a borough. A
remonstrance against the proposed incorporation was presented
and filed on April 27, 1887. On August 12, 1887, a certificate
signed by a majority of the grand jurors and recommending
incorporation was presented and filed, and on October 5, 1887,
a decree was entered incorporating the borough of Wilkinsburg,
as prayed for.

On October 6, 1887, on a petition and affidavit presented and
filed by the remonstrants, a rule to show cause, etc., was
granted, returnable to October 22d, and an order was made
staying all proceedings and directing the recorder of the
county not to record the decree of incorporation. On October
22, 1887, the return day of said rule, Mrs. Mary Singer filed
her petition, setting forth that she was the owner of farm land
in Sterrett township, included within the limits of the proposed
borough, and that for reasons averred her said land should not
of right be included therein; praying that the boundaries of
the proposed borough should be modified and changed so as
to exclude her land therefrom. A rule was granted on said

---

* See case following this.

petition which on December 2, 1887, was discharged, without opinion, and the same day the decree of incorporation was recorded.

On January 19, 1888, Mrs. Singer presented another petition setting out the presentation of her petition filed on October 22, 1887, the order granting the rule thereon, and that without any answer or denial made to the allegations therein contained the court, on December 2, 1887, had discharged said rule; praying that said order of December 2d be vacated, and that the applicant be permitted to amend her petition by filing in addition thereto a draft or plan of her said lands, and that such order be made in the premises as would protect the rights of the petitioner.

A rule having been granted and argued, on March 9, 1888, the following opinion was filed, STOWE, P. J.:

It is clear to my mind that § 1, act of April 1, 1863, P. L. 200, giving the court power to exclude farm lands from the boundaries of boroughs was intended to apply only to cases of pending applications present or future, and not to boroughs actually incorporated. The act of June 11, 1879, P. L. 150, which is a supplement to the act of 1851, gives power to change the limits of any borough incorporated under the act of 1851, and is strong indication of the legislative intent under such act. If this is so, it is now too late to relieve the petitioner.

The decree of the court incorporating the borough was made October 5, 1887. It is true, the town or village is not deemed an "incorporated borough" until the decree of the court is recorded in the recorder's office; but when it is so recorded it seems to be only "subject to such modifications as might be thereafter made by the legislature:" § 3, act of April 1, 1834, P. L. 163. The petition of Mrs. Singer for the exclusion of her lands was filed October 22, 1887, and rule to show cause why it should not be granted allowed the same day, but there was no stay of proceeding and the decree of the court incorporating the borough might properly have been recorded immediately. But this was not done; the rule was discharged by the court on December 2d, and on the same day it was duly recorded. After this was done it was too late for the court to recall its action. The borough was incorporated to all

intents and purposes under the law "subject only to such modifications as might thereafter be made by the legislature," the only act which bears upon the matter now before us being the act of June 11, 1879, P. L. 150, which requires the concurrence of the grand jury, in changing the limits of a borough. Of course I must be understood as speaking of the case in hand, and not of one where there might be fraud or want of jurisdiction in the court making the decree.

Being of opinion that this court has now no jurisdiction in regard to the matter set out in the petition of Mrs. Singer, in the manner prayed for, the rule is discharged.

The petitioner thereupon took this appeal, specifying various errors alleged in the proceedings prior to October 5, 1887, in the decree of incorporation of said date, in the order of December 2, 1887, discharging the rule granted, and in the order of March 9, 1888, refusing the prayers of the petition filed January 19, 1888.

On the argument at bar in this court, the borough of Wilkinsburg filed a motion to quash the appeal and certiorari for the reasons following:

1. The said appeal has not been taken within two years from the date of the decree of incorporation.

2. The act of May 9, 1889, P. L. 174, requires in an appeal from a decree incorporating a town or village that the same shall be taken " by not less than three persons."

*Mr. R. A. Balph* (with him *Mr. John Dalzell* and *Mr. Jas. Balph*), for the motion.

Counsel cited: Act of May 9, 1889, P. L. 174; Wilkins Tp. Road, 5 Cent. R. 701.

*Mr. Geo. P. Graver* (with him *Mr. D. T. Watson* and *Mr. N. S. Williams*), contra.

Counsel cited: Freeman on Judgments, 3d ed., § 34; Coleman v. Nantz, 63 Pa. 179; Hilbish v. Catherman, 60 Pa. 444; Glenn v. Commonwealth, 5 Cent. R. 492; Salem Tp. Road, 103 Pa. 250; Graver v. Fehr, 89 Pa. 460.

PER CURIAM:

Appeal quashed.