# ANNEXATION TO BOROUGH OF CAMP HILL.

APPEAL BY M. BRINTON ET AL. FROM THE COURT OF QUARTER SESSIONS OF CUMBERLAND COUNTY.

Argued April 27, 1891—Decided May 25, 1891.
[To be reported.]

1. In proceedings to annex adjacent territory to a borough, under the act of June 11, 1879, P. L. 150, no appeal on the merits lies to the Supreme Court. The act of May 9, 1889, P. L. 158, does not extend the right of review or modify its exercise; and in an appeal thereunder, the expediency of such annexation cannot be considered.

2. In providing that "any lots," etc., "adjacent" to a borough, may be annexed by decree of the Quarter Sessions, the act of June 11, 1879, uses the word "adjacent" in its primary sense as adjoining, or contiguous; but under the provision a number of contiguous properties may be annexed in one proceeding, though some of them do not adjoin the borough.

3. The notice of the application for such annexation, required by the statute, need not, it seems, specify the lands proposed to be annexed: Osborne Bor., 101 Pa. 288. At all events, persons who had actual notice of the proceeding, appeared at its earliest stage, and contested it at all points, cannot complain of a failure of the notice to comply with the statute.

Statement of Facts.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 201 July Term 1890, Sup. Ct.; court below, number and term not shown.

On February 10, 1890, William Sadler and others, averring that they were a majority of the resident freeholders, owning lots, out-lots, and other tracts of land, in a certain section of East Pennsboro township, lying adjacent to and adjoining the south and west boundary lines of the borough of Camp Hill, presented their petition for an extension of the limits of said borough so as to include said territory. Attached to the petition was a draft, a section of which, omitting the courses and distances of the lines, and the names of landowners within the limits of the borough and of the territory to be annexed, is herewith presented.

N.

S.

Opinion of Court below.

The petition was accompanied by a copy of à notice of the application, with proof of the publication thereof, and of the service of it upon the burgess and council of the borough of Camp Hill.　The notice was as follows:

NOTICE.

Notice is hereby given that application will be made to the Honorable Wilbur F. Sadler, president judge of the Court of Quarter Sessions of Cumberland county, on the 10th day of February, A. D. 1890, to extend the present limits of the borough of Camp Hill, by annexing to said borough certain adjacent lots, out-lots and other tracts of land lying in the townships of East Pennsboro and Lower Allen.　　　WM. PENN LLOYD,

Attorney for petitioners.

On May 22, 1890, exceptions which had been filed to the petition were overruled, and the application was referred to the grand jury.　On May 24th, the grand jury reported that the conditions prescribed by the statutes upon the subject had been complied with, and that they believed it to be expedient to grant the prayer of the petitioners.　On May 28th, the original exceptions having been mislaid, Martin Brinton and others, by leave of the court filed exceptions, nunc pro tunc, as follows:

1. The lots, out-lots or other tracts of land intended and described in the application and draft, are not all adjacent to the said borough of Camp Hill, within the meaning and intent of the said act of 1879, viz.: The lots of Wm. Sadler, John Stouffer's heirs, Elizabeth Spain, Jacob Rupp, Sarah Vale, S. B. Bretz, Mrs. Criswell and S. Gehr's heirs.[1]

2. The notices are insufficient, because they do not contain a description of the land, or lots to be annexed, as required by the act of 1879.[2]

Subsequently, citizens of the township of East Pennsboro and of the borough of Camp Hill having objected to and filed remonstrances against the proposed annexation, testimony was taken, and after argument, the court, SADLER, P. J., on June 26, 1890, filed an opinion in part as follows:

It appears from the testimony taken, that the parcel of land proposed to be annexed embraces over three hundred acres and that the borough of Camp Hill has an equal or larger area; that

VOL. CXLII—33

the said borough now includes two farms, and the land proposed to be annexed is chiefly of this character.

The inhabitants of the borough number about two hundred and fifty. It has an assessed value of $100,000; one public school. The valuation of the land proposed to be annexed is $42,900, for purposes of taxation, while that of the township of East Pennsboro is $882,034. The latter has thirteen public schools. Those favoring annexation stated that it would give better roads and walks to them; permit new streets to be laid out and lots plotted more advantageously, and most likely insure the establishment of a graded school in the borough. It was on the other hand insisted by those opposing the annexation, that it would reduce the taxable property of the township for school and road purposes, and increase the burdens of the remainder in this respect. It was denied that any sufficient reason had been given which would justify the conclusion that it was expedient to add so large an amount of land to the borough, which appeared already to include within its limits a considerable area not built upon. In addition, there was a renewal of the objection that proper notice of the application had not been given, as well as the allegation that the land was not all adjacent to the borough.

The petition describes the land as a single parcel; the testimony is to the effect that it is held by different owners, and if their holdings are treated as independent tracts, they were not all adjacent to the said borough. . . . .

. No particular form of notice is prescribed by the act of assembly. Conceding that the one given in the present case did not give the substance of the petition and was quite informal, yet the parties opposing it appeared when application was to be heard. They had been put upon such inquiry as led them to come before us and contest the propriety of the application in a manner that indicated that they had been fully informed as to its purpose. Not only did they then appear, but no formal exception was taken to our action until after the grand jury had returned the certificate. It is apparent that those opposing the application had actual notice of what was proposed; indeed, it is only on this theory that their conduct is explainable. Ample opportunity has been given them to be heard on the merits of the case. . . . .

Arguments.

—Finding the foregoing facts, the opinion discussed the legal questions raised by the objections made to the proceeding, citing : Little Meadows Bor., 28 Pa. 256; Blooming Valley Bor., 56 Pa. 66; West Philadelphia Bor., 5 W. & S. 281 ; Edgewood Bor., 130 Pa. 348; and a final decree was entered confirming the finding of the grand jury, and ordering that the territory described in the petition be annexed to and made a part of the borough of Camp Hill; whereupon Martin Brinton and others took this appeal, assigning for error :

1, 2. The overruling of appellant's exceptions.[1] [2]

*Mr. J. W. Wetzel*, for the appellants :

1. Under the act of June 11, 1879, P. L. 150, the jurisdiction of the court to annex lands to a borough is limited to such as are adjacent thereto.    Lands are not adjacent, within the meaning of that act, because they touch other lands which do in fact adjoin the borough : Rapalje & Lawrence, L. Dict., verb. Adjacent; Webster's International Dict., Idem.    The legislature never intended that two or a dozen different tracts could be tacked on to one that is adjacent, so as to enable the limits of a borough to be extended in the grotesque shape and form of the extension in the present case, and thus render possible the grasping by the borough, for purposes of taxation, of several hundred acres of the most valuable and tax-producing farm land of an adjoining township.

2. And the notice is irregular and incomplete, and not such as is required by the act of 1879.    It ought to show (1) the names of the adjacent owners, and (2) a description of the land proposed to be annexed, or such reference thereto as to enable its identity to be ascertained.    It is begging the whole question to argue that because the exceptants appeared and objected, all defects in the notice are cured.    The law requires a notice of a certain kind to be given, before the court can exercise jurisdiction.    This notice is a statutory condition of the jurisdiction, and if it is not given the proceedings are fatally irregular.    We ask that the decree be reversed because, for each of the reasons we have presented, the court did not have jurisdiction.

*Mr. M. C. Herman* (with him *Mr. William Penn Lloyd*), for the appellees :

George Oyster was one of the remonstrants and opposed to annexation. Even if his land had been included in the petition, he would have been entitled, under act of April 1, 1863, P. L. 200, to have it excluded by the court, and doubtless would have done so. In such case, the situation would have been precisely the same as it is now, and yet under no law would such an exclusion have been fatal to the proceeding. The lands are in fact adjacent, and the peculiar formation or shape of the territory incorporated into the borough is of no consequence, there being no law prescribing the form or shape which shall be given to boroughs and townships. "Adjacent" does not properly signify bordering on or adjoining, but is defined by Webster as meaning "lying near; close or contiguous, but not actually touching." See the same authority as to the distinction between the synonyms, adjacent, adjoining, and contiguous. The notice given is all that the law requires: Osborne Bor., 101 Pa. 288; Edgewood Bor., 130 Pa. 348. Moreover, no appeal lies on the question of expediency.

OPINION, MR. JUSTICE CLARK:

Although by the act of May 9, 1889, this case comes to us upon an appeal, it is to be disposed of as upon a certiorari. No appeal upon the merits was allowed in such case, prior to the passage of the act of 1889, and that act did not extend the right of review, or modify its exercise. It simply provides that "all appellate proceedings in the Supreme Court, heretofore by writ of error, appeal, or certiorari, shall hereafter be taken in a proceeding to be called an appeal." As we said in Rand v. King, 134 Pa. 641, an appeal in name may therefore be a writ of error or a certiorari in legal effect; and it is necessary, in every case, to look into the record, and determine at the outset of our examination whether what is called an "appeal" is such in fact, or is a writ of error or a certiorari.

The question of the expediency of extending the limits of the borough of Camp Hill, so as to embrace the lands of the petitioner therein, according to the draft, was a matter for the grand jury and the Court of Quarter Sessions to determine. We cannot reverse the case upon the merits: Sewickley Bor., 36 Pa. 80; Blooming Valley Bor., 56 Pa. 66.

The jurisdiction and power of the court is, of course, subject

to the restrictions of the second and third sections of the act of June 11, 1879, P. L. 150, and it is complained that by the petition, draft, and decree, which constitute parts of the record, the "lots, out-lots, or other tracts of land" embraced therein, are not "adjacent" to the borough. If by this provision of the act it is meant that each and all of the several lots or out-lots, or other particular or single tracts of land, proposed to be annexed, must adjoin the borough, the appellants' contention would seem to be sustained. But we are of opinion that this was not the meaning and intent of the legislature. If it were, the annexation of lots contiguous to each other, but not all contiguous to the borough, would have to be accomplished by a series of proceedings and decrees, which would lead to great confusion, embarrassment, and delay. The word "adjacent," we think is used in its primary and obvious sense as adjoining or contiguous, for we cannot conceive that the legislature would annex to a borough a section of land or village wholly severed by the intervening lands of a township, so as to establish two entirely separate villages in one municipality. The essential and distinctive purposes and object of establishing a borough, the locating, grading of streets, laying sewers, etc., would be rendered impracticable, and in most cases impossible, by reason of the intervening territory.

But the power of the courts is not restricted to the annexation of "lots and out-lots," in the popular sense of these words. These powers extend to "tracts of land," and a tract of land may either apply to a single farm, or to a territory embracing the lands of different adjoining owners, drawn and exhibited in a single draft. It may appropriately be applied to a section of land, or of the country, without reference to the lines of individual ownership. The act of June 11, 1879, is a supplement to the general borough law of April 3, 1851, P. L. 320, which in its thirtieth section authorizes the burgess and town council of any borough, upon petition, etc., to annex "lots, out-lots, or other tracts of land in any section lying adjacent to said borough;" and it was doubtless intended, in a certain case, to place a similar power in the hands of the court.

The appellants concede that the word "adjacent" should not be arbitrarily interpreted to apply only to such lands as immediately touch the borough. If the lands of George and

Margaret Oyster had been embraced, perhaps no fault would have been found in this respect; but as these were farm lands, and the owners objected, they were properly excluded.

The objection to the sufficiency of the notice is wholly without merit. The notices were in substantial compliance with the statute: Osborne Bor., 101 Pa. 288. But if they were not, the appellants took actual notice of the application, appeared promptly at the earliest stage of the proceeding, made objection to the submission to the grand jury, and have since contested the proceedings at all points: Edgewood Bor., 130 Pa. 349. It is difficult to see what opportunity or advantage has been lost, or what good purpose would have been subserved in this case by any other form of notice.

The proceedings of the Court of Quarter Sessions are affirmed.