## Taylor Borough.   Atherton's Appeal.

160    475
19 SC ³180

*Boroughs—Incorporation—Estoppel—Notice.*

Parties who appear and contest an application for the incorporation of a borough cannot subsequently object to the form of the published notice of intention to apply for incorporation.

160    475
25 SC ²625

*Incorporation of borough—Discretion of court.*

It is within the discretion of the grand jury and of the court of quarter sessions to determine what territory shall be included within the limits of a proposed borough; and the Supreme Court will not review the exercise of such discretion unless abuse of discretion is alleged.

*Boroughs—Farm lands—Separate villages.*

Separate villages and the intervening farm lands may be included within one borough, if the situation of the territory renders a single municipal government desirable.

Argued Feb. 20, 1894.   Appeal, No. 187, Jan. T., 1894, by Ira C. Atherton et al., freeholders, from order of Q. S. Lackawanna Co., June T., 1893, No. 169, incorporating Taylor Borough.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Petition for incorporation of borough.

From the record it appeared that the petition was signed by about 197 persons.   The entire population of the territory was 295.   A remonstrance was numerously signed.   The court ordered the petition to be heard on Monday, June 5, 1893, directing that the grand jury be held over from the preceding week for that purpose.   The report was signed June 4, 1893, which was Sunday.

The following notice was published:

" Notice is hereby given that an application will be made to the Court of Quarter Sessions of Lackawanna County on Wednesday, May 31, 1893, at 9 o'clock A. M., for the incorporation

of a borough out of parts of the townships of Lackawanna and Old Forge, to be known as the Borough of Taylor."

The following exceptions were filed:

"1. That the petition was not signed by a majority of the freeholders within the borough.

"2. That the proposed borough included within its limits a large area of farming land in no way connected in interest with the village, or villages seeking incorporation.

"3. That the proposed borough included three separate and independent villages, Taylorville, Feltsville and Rendham, separated from each other by intervening farming land.

"4. That Taylorville and Rendham were post office towns separated by a wide area of farm land which should not be incorporated into a borough."

The following opinion was filed by ARCHBALD, P. J.:

"The merits of this case have been passed upon by the grand jury, and they have found that the borough ought to be incorporated.  Assuming that we have the right to revise that finding, we are by no means satisfied that it is wrong.  There may, as it is claimed, be somewhat detached settlements within the territory embraced in the proposed borough, but we do not regard that as a fatal nor even a serious objection to the incorporation.  However the law upon this subject was formerly construed (Borough of West Phila., 5 W. & S. 281), its policy has been long since changed: Borough of Blooming Valley, 56 Pa. 66.  It is now no longer objectionable to include farm land within the limits of a borough, and with this also falls the objection against including two or more villages with the vacant land lying in between.  This may, it is true, be carried too far, and we recognize that there must be something which more or less naturally unites the territory sought to be incorporated, but, subject to this, we see no impediment to the erection of a borough because it has two or three centers of settlement instead of one.  Even in our cities we often find the settled portions separated by more intervals of almost vacant land, and if this condition may exist in that case, why not also in the much less perfect organization of a borough?  In the present instance the nucleus of the proposed borough is no doubt to be found in the populous village or town of Taylorville, half of which is in Old Forge township and half in Lackawanna, the

dividing line running directly through the place. In framing this borough therefore the whole of the town of necessity must be taken; and a part of Old Forge as well as of Lackawanna having thus to go into it, the only question is, how much? The petitioners have extended their lines in Old Forge so as to include the settlement at Rendham, and in Lackawanna so as to include Feltzville. This, the grand jury, after a full investigation of the facts and under special instructions from the court, have sanctioned, and we feel that they ought to be as well able to judge of the propriety of it from the testimony of witnesses which they had before them as we are from a mere reading of the depositions. Furthermore, in each case the jurors as well as the judges may be presumed to have some local knowledge to bring to the question, and so far as our own goes we are not prepared to say that the finding of the jury is wrong. As to Feltzville, that settlement is so immediately neighbor to and connected with Taylorville that there can be no reasonable objection to its being included in the borough. So identified are they with one another that in the minds of many people in the county the two places are regarded as practically one. To leave out either in a proceeding to incorporate that locality would be a mistake. With regard to Rendham the connection may be more remote, but not so much so as to call for our interference. A scattered line of houses along the main road between there and Taylorville practically joins the two places, so that they may be said to touch at their outer limits. We have no doubt therefore that the territory which is thus brought together does and will form one sufficiently harmonious whole.

" The suggestion that the erection of this borough will leave the remaining parts of Lackawanna township disadvantageously separated from one another, we do not regard as of serious moment. This also was a matter for the consideration of the grand jury, and they were instructed to give it due weight. Looking at it for ourselves we do not see that the remaining parts of the township are put at such disadvantage as to stand in the way of the incorporation to which we think the petitioners are entitled.

" The only other objection which we need to notice goes to the regularity of the proceedings. It is claimed that the peti-

tion comes from residents of Taylorville only instead of from the whole territory to be incorporated, and that it does not, therefore, meet the law.   This objection is not well taken. The petition purports to be that of 'inhabitants of the town of Taylorville in the township of old Forge and Lackawanna,' and it represents that the signers are all resident freeholders of said town, and comprise a majority of the freeholders within the limits of the proposed borough.   We fail to see why this is not sufficient.   The nucleus of the borough as we have said is the town of Taylorville, and the petition naturally and properly comes from the people of that place.   All that the law requires is that it shall be signed by a majority of the freeholders residing within the limits of the borough, and that requirement has been complied with.   In estimating this majority, the whole mass of freeholders must, of course, be taken, but there is nothing which says that those who go to make it up must be drawn from different parts of the territory.   If the borough is unobjectionably put together, all that we have to see to in this regard is that a majority of the resident freeholders are asking for the incorporation, from whatever section of it they may come.

" The exceptions are overruled and the report of grand jury is confirmed Nov. 16, 1893."

*Errors assigned* were (1) in taking jurisdiction in the absence of adequate notice ; (2–4) in decreeing incorporation notwithstanding the objections raised by the exceptions ; (5) in making a decree upon a report of the grand jury dated upon a dies non.

*H. M. Hannah* and *A. Rickets*, for appellants, cited : Borough of West Phila., 5 W. & S. 281: Osborne Borough, 101 Pa. 284; Little Meadows Borough, 28 Pa. 256 ; Edgewood Borough, 130 Pa. 352.

*A. D. Dean* and *J. M. Harris*, for appellees, cited : Act of June 2, 1871, P. L. 283 ; Osborne Borough, 101 Pa. 284; Edgewood Borough, 130 Pa. 348; Beaumont v. Wilkes-Barre, 142 Pa. 215 ; Camp Hill Borough, 142 Pa. 518; Germantown Ave., 99 Pa. 482 ; Rhoad's Ap., 101 Pa. 284.

PER CURIAM, March 26, 1894:

The objection to the form of the published notice of intention to apply for incorporation comes too late after the parties making it have taken notice, and appeared, and contested the application: Borough of Edgewood, 130 Pa. 348. Such appearance and participation in the proceedings cures any defect of form in the published notice. The situation of the territory included within the limits of the proposed borough is a proper subject for consideration by the grand jury and by the court of quarter sessions. The court exercises a judicial discretion in determining the application, and the soundness of the discretion exercised in the particular case is not a subject of review: Borough of Sewickley, 36 Pa. 80. An abuse of discretion this court will correct, but we cannot revise the judgment of the court below upon a subject within its discretion unless abuse of discretion is alleged. The mere fact that farm lands are included within the limits of a proposed borough is not fatal to it: Borough of Blooming Valley, 56 Pa. 66. The grand jury and the learned judge of the quarter sessions have found that the situation of the territory, and of the three villages upon it, is such that a single municipal government is desirable, because the villages have reached out toward each other until they are practically one. A decided majority of the taxable inhabitants in the proposed borough desire its incorporation, and we see no error in the proceedings that is fatal to them.

The order appealed from is therefore affirmed.