# Incorporation of Swoyerville Borough. Appeal of the Lehigh Valley Coal Company.

*Incorporation of boroughs — Review — Remedy — Jurisdiction, Superior Court—Statutes.*

The Act of May 9, 1889, P. L. 174, does not give any additional remedy as to review of proceedings in borough incorporation proceedings: Deniston's Appeal, 9 Pa. Superior Ct. 212.

It regulates existing remedies but leaves them, as before, a remedy by certiorari; the Act of May 9, 1889, P. L. 158, while changing the name from certiorari to appeal, does not extend the right of review or modify its exercise; it simply changes the form of procedure without affecting the jurisdiction of the court.

*Borough incorporation—Appeals—Review of discretion.*

In appeals in the nature of certiorari the appellate court has nothing before it but the record, of which the testimony is no part. The court of quarter sessions has discretion to determine all questions of fact and expediency in borough incorporation proceedings, and in passing on such questions will be presumed to have arrived at a correct conclusion. It follows therefore that the appellate court will not disturb a decree incorporating a borough unless illegality in the proceedings appears upon the record, or an abuse of discretion is distinctly charged and clearly established.

*Borough incorporation—Adjudicatory effect of dismissal of exceptions.*

Where an exception containing allegations of facts, in borough incorporation proceedings, is overruled by the quarter sessions, the appellate court must accept that as an adjudication that the exception is untrue in point of fact, unless the contrary appears from the record.

*Borough incorporation—Exclusion of farm land—Act of 1863—Conclusiveness of findings of court below.*

It is no objection to the incorporation of lands in a borough that they are used as farm lands; the extent and character of the lands are not per se controlling objections.

The mere fact that houses are massed in groups separated by land used for farming or manufacturing or mining purposes does not constitute such groups separate villages, so as to justify the court in excluding them and the intervening land under the Act of April 1, 1863, P. L. 200. Such a proposition involves a question of fact upon which the finding of the quarter sessions is intended to be conclusive as to whether the land sought to be excluded properly belonged to and constituted a part of the village.

Argued March 20, 1899. Appeal, No. 6, Jan. T., 1900, by Lehigh Valley Coal Co. et al., from decree of Q. S. Luzerne Co.,

Jan. Sess. 1898, No. 477, incorporating the borough of Swoy-
erville.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D.
PORTER and BEEBER, JJ.   Affrmed.   Opinion by W. D. POR-
TER, J.

Petition for incorporation of borough.   Before the court in
banc.

It appears from the record that a petition was filed by the
inhabitants of Maltby and part of the inhabitants of the town-
ship of Kingston in the immediate vicinity thereof, praying that
the village of Maltby and its surroundings may be incorporated
a borough by the style and title of the Borough of Swoyerville.
Exceptions were filed by the Lehigh Valley Coal Company et al.
as follows : [First, that the proposed boundaries of said borough
include land used exclusively for farming purposes ;] [1] [sec-
ond, that the proposed boundaries include several villages
separated from each other by land used exclusively for farming
purposes.] [2]

The court dismissed the exceptions decreeing as follows :

[That the town of Maltby with its surrounding territory,
as described in the petition and herewith modified, be and the
same is hereby incorporated in conformity with the prayer of
the petitioners; that the corporation, style and title thereof
shall be the Borough of Swoyerville; at the points thereof as
shown by the plot hereto annexed and made part of this de-
cree shall be as follows.] [3]

Exceptants appealed.

*Errors assigned* were (1, 2) dismissing first and second ex-
ceptions, reciting same.   (3) In making the decree incorpo-
rating the borough, reciting same.   (4) That the court abused
its discretion in incorporating the village of Maltby with the
surrounding territory as shown by the map attached to the de-
cree and made a part thereof, into a borough, because the sur-
rounding territory, as shown by said map includes four other
villages in no case less than 1,200 feet apart, unconnected by
streets and lanes, the intervening land being by far the larger
part of the territory incorporated and used exclusively for farm-
ing purposes, the owners of which asked to be excluded.

*J. B. Woodward* and *S. R. Miner*, for appellants.—The acts of assembly providing for the incorporation of boroughs are as follows: Act of April 1, 1834, P. L. 163; Act of April 3, 1851, P. L. 320; Act of April 1, 1863, P. L. 200; Act of June 26, 1895, P. L. 389.

The acts of assembly regulating appeals from the decree of the court erecting boroughs are as follows: Act of May 9, 1889, P. L. 174; Act of June 24, 1895, P. L. 212.

Prior to the Act of May 9, 1889, allowing appeals from decrees of the court erecting boroughs, the only remedy was by certiorari: Sewickly Borough, 36 Pa. 80; Rhoads's Appeal, 101 Pa. 284.

And it has been held in many cases in the Supreme Court that an appeal under the act of 1889 has the same legal effect as a certiorari: In re Camp Hill Borough, 142 Pa. 511.

But we have found no case decided since the act of 1895 (which did away with any action by the grand jury, and left it entirely to the discretion of the court of quarter sessions), where the appellate court has held that it will not go into the merits of the case on an appeal, and it has always been an exception to the general rule, that the appellate court will consider nothing but the record, where there has been an abuse of the discretion of the lower court in incorporating the borough: Taylor Borough, 160 Pa. 475. See also Blooming Valley Borough, 56 Pa. 66.

The map which is made a part of the decree is a copy of a map offered in evidence by the exceptants in the deposition taken by them, and shows five distinct villages separated by long distances, unconnected by any road or street. The petition shows that the owners of these large tracts are not among the signers, and the exceptions show they have asked to be excluded and are not willing to be incorporated.

This has been held sufficient reason, not only for the court of quarter sessions in refusing to incorporate, but for the appellate court to set aside a decree of the court of quarter sessions wrongfully incorporating a borough: Borough of Swoyerville, 5 Kulp, 191.

In which the application was to incorporate the same territory asked for in the present case, and under the same name, and was refused for the reasons given above: Pyne Borough, 6 Pa.

Dist. Rep. 353; West Philadelphia Borough, 5 W. & S. 281; Borough of Blooming Valley, 56 Pa. 66.

*E. F. McGovern*, for appellees.—There is no allegation either in the exceptions filed in the court below or in the assignments of error that there was an irregularity in the proceedings or that the court was without jurisdiction.

The appeal taken in this case amounts to nothing more or less than a certiorari, and under a certiorari the only matter before this court is the record, and under this appeal the court can only review the jurisdiction of the court and regularity of the proceedings, which by the course pursued by the appellants are conceded to have all been regular and proper.

The proceedings being all regular in every particular and the court having the requisite jurisdiction, as a natural consequence the appeal must be affirmed under the ruling of the courts of the state: Rhoads's Appeal, 101 Pa. 284; Camp Hill Borough, 142 Pa. 511; Blooming Valley Borough, 56 Pa. 66.

Nor does the act of May 9, 1889, passed since the decision in Rhoads's Appeal, supra, change it in any way, it having been held that it does not extend the right of review or modify its exercise, and in an appeal thereunder the expediency cannot be considered: Com. v. Tragle, 4 Pa. Superior Ct. 159; Camp Hill Borough, 142 Pa. 511.

If the Supreme Court could not review and examine questions of fact in borough cases, as was held in Rhoads's Appeal, supra, then the Superior Court cannot review the questions as raised by the assignments of error in the case at bar: Thompson v. Preston, 5 Pa. Superior Ct. 154.

The record contains no opinion of the lower court giving a particular reason for the granting of the prayer of the petitioners, and it has been held by this court and the Supreme Court that where no reasons are given the presumption is that the court performed its duty according to law: Gross's App., 161 Pa. 344; Donoghue's App., 5 Pa. Superior Ct. 1.

OPINION BY W. D. PORTER, J., December 11, 1899:

A petition for the incorporation of Swoyerville, in due form and properly signed, having been presented to the court of quarter sessions, the appellants filed exceptions to said incorpora-

tion based upon the character and uses of the lands sought to be included within the borough limits. Testimony was taken by the exceptants, as well as by the petitioners, and the court below, after considering the evidence and the arguments on behalf of all parties to the proceeding, sustained the exceptions as to certain mountain lands, which it excluded from the borough, and modified the boundaries accordingly. All other exceptions were overruled. The court found that the conditions prescribed by law had been complied with and that it was expedient that the prayer of the applicants be granted, and decreed the incorporation of the borough, with modification as to boundaries.

The first and second assignments of error complain, respectively, of the action of the court below in dismissing the first and second exceptions to the petition for incorporation. Said exceptions were as follows, viz: "1. The proposed boundaries of said borough include lands used exclusively for farming purposes. 2. The proposed boundaries include several villages separated from each other by land used exclusively for farming purposes." These exceptions raised questions of fact, and when the court, after a hearing upon the testimony, overruled the exceptions, that was an adjudication of the facts contrary to the contention of the exceptants. The third assignment of error is against the making of the decree and is entirely dependent upon the fate of the other assignments. The fourth assignment alleges an abuse of discretion in incorporating the village of " Maltby with the surrounding territory as shown by the map attached to the decree and made a part thereof, into a borough, because the surrounding territory, as shown by said map, includes four other villages in no case less than twelve hundred feet apart, unconnected by streets and lanes, the intervening land being by far the larger part of the territory incorporated, and used exclusively for farming purposes, the owners of which asked to be excluded." These assignments of error all go to the manner in which the court below exercised its discretion to determine all questions of fact and expediency arising in the proceeding.

Although in accordance with the provisions of the Act of May 9, 1889, P. L. 158, this case comes to us in the form of an appeal, it is to be disposed of as upon a certiorari. Prior to

that act no appeal upon the merits was allowed in such cases, and that legislation did not extend the right of review or modify its exercise; it simply changed the forms of procedure without affecting the jurisdiction of the courts: Rand v. King, 134 Pa. 641; Camp Hill Borough, 142 Pa. 511; Commonwealth v. Tragle, 4 Pa. Superior Ct. 159. A second act of assembly was approved the same day with the Act of May 9, 1889, P. L. 158, namely, the Act of May 9, 1889, P. L. 174. This last mentioned act provided that, in proceedings for the incorporation of a borough, "An appeal shall lie from any such decree, within twenty days from the recording of such decree, by not less than three persons aggrieved thereby, to the Supreme Court of this commonwealth." It has been suggested that this act may have given an additional remedy, increasing the revisory powers of the appellate court when three persons join in the appeal, and leaving to a single litigant the remedy formerly available through a certiorari, for which the appeal under the Act of May 9, 1889, P. L. 158, has been substituted. It was decided by this Court in Deniston's Appeal, 9 Pa. Superior Ct. 212, that the Act of May 9, 1889, P. L. 174, did not give an additional remedy, leaving the remedy by certiorari at the instance of any person aggrieved unimpaired, but that it regulated the existing remedy. In the case of the Borough of Wilkinsburg, 131 Pa. 365, the Supreme Court quashed an appeal because it had been taken by less than three persons. The Act of June 26, 1895, P. L. 389, vested in the court of quarter sessions the discretionary powers that had before been exercised by the grand jury, but did not extend the powers of the appellate court to review the proceedings. The matters which are the subject of review by the appellate court in proceedings of this character remain the same as when the record was brought up by certiorari, prior to the act of 1889.

In appeals of this nature we have nothing before us but the record, of which the testimony is no part. To presume to review the case upon the merits and pass upon the soundness of the discretion exercised by the court below in determining disputed questions of fact, under conflicting testimony, would be a clear usurpation of authority. The law, in proceedings to incorporate boroughs, vests in the court of quarter sessions a discretion to determine all questions of fact and expediency,

and, in passing upon such questions, that court must be presumed to have arrived at a correct conclusion. In the consideration of the questions of fact and expediency arising in such cases the judges of the quarter sessions, having personal knowledge of the territory sought to be incorporated and of the witnesses who testify as to the facts, are more likely to arrive at a correct conclusion, as to the municipal needs, than the members of a tribunal sitting at a distance from the scene of controversy, who are without full information as to local conditions. The legislative branch of the government has for this reason committed the determination of these questions to the discretion of the judges of the court of quarter sessions. It is manifest that a decree incorporating a borough should not be disturbed by this Court, unless illegality in the proceedings appears upon the record, or an abuse of discretion, on the part of the court below, is distinctly charged and clearly established: Borough of Sewickley, 36 Pa. 80; Taylor Borough, 160 Pa. 475; Narberth Borough, 171 Pa. 211.

A careful examination of the record here presented shows that all the statutory requirements have been strictly observed. The application was in due form, stating facts, which if true, established the jurisdiction of the court to make the decree of incorporation. The present appellants opposed the incorporation and filed exceptions, upon the following grounds, viz: (1) The proposed boundaries of the borough include lands used exclusively for farming purposes; (2) that the proposed boundaries include several villages separated from each other by land used exclusively for farming purposes, and (3) the exceptants' lands were in part used exclusively for farming purposes, and the exceptants, respectively, prayed that their lands might be excluded from the proposed borough. The allegation of the first exception, if true, was not sufficient reason for refusing the charter of incorporation prayed for in the petition; the extent and character of the land are not per se controlling objections: Borough of Blooming Valley, 56 Pa. 66; Taylor Borough, supra. The second exception was of greater moment. The force of the exception was, however, entirely dependent upon the determination of the question of fact. Does this territory embrace several separate and distinct villages, or is it one village whose inhabitants have a community

of interests which will be promoted by incorporation into one municipality? This question went to the root of the matter. Testimony was taken, hearings were had, and, upon due consideration of the whole subject, the learned court overruled the exception. As to all questions of fact necessarily involved this finding was evidently intended to be conclusive: Rhoads's Appeal, 101 Pa. 284. When an exception, which is in its nature capable of being proved, is overruled by the quarter sessions we must accept that as an adjudication that the exception is untrue in point of fact, unless the contrary appears from the record: New Hanover Road, 18 Pa. 220; Roche's Road, 10 Pa. Superior Ct. 87. There is nothing in the record to make this case an exception to the general rule. The allegation of the fourth assignment of error, that the map attached to the decree shows that the territory incorporated includes five distinct villages, separated from each other by lands used exclusively for farming purposes, is not well founded. The map is undoubtedly a part of the record, and it shows that some parts of the territory are more densely populated than others, but it also shows that extensive mining operations are carried on upon the intervening lands, which are largely occupied by culm piles, railroad tracks and other adjuncts of that industry. To the presence of the mines is, no doubt, attributable the aggregation of population in the vicinity. The mere fact that the houses occupied by the miners are not all upon one side of the culm piles does not warrant us in saying, as matter of law, that they do not all belong to the same village.

In passing upon the prayer of the exceptants, that their lands be excluded from the proposed borough, the court was required to determine two questions, to wit: 1. Are the lands in question used exclusively for farming purposes? 2. Do said lands properly belong to the town or village? The authority of the court to exclude the lands must be found in the Act of April 1, 1863, P. L. 200. It is not enough that the lands sought to be excluded should be used exclusively for farming purposes; it must also appear that they do not properly belong to and constitute a part of the village. "Both these conditions must concur, not only because the act so provides, but also for the obvious reason that lands within borough as well as city limits are often used

for agricultural purposes exclusively until they are in demand for building purposes, and sometimes long afterwards:'' Duquesne Borough, 147 Pa. 58. While it appears that a part of the exceptants' lands were utilized for farming purposes, it does not appear that they were used exclusively for such purposes, nor that they did not properly belong to the village. The learned court sustained the exception as to a part of the lands, and modified the boundaries of the borough accordingly; as to the remaining portions of the lands the exceptions were overruled. This was a determination of a question of fact, and we must accept the conclusion.

All the assignments of error are dismissed.

Decree affirmed and appeal dismissed at costs of appellants.