# In re Incorporation of Borough of Castle Shannon.

*Boroughs—Incorporation—Exceptions — Appeals — Act of May 14, 1915, P. L. 312 (Borough Code).*

A petition for the incorporation of a borough, averring essential facts, including the sworn statement that it was signed by the requisite number of freeholders residing within the limits of the proposed borough is sufficient to invoke the jurisdiction of the court.

A contention that the court cannot exclude certain farm lands from the limits of a proposed borough is without merit, where exceptions have been filed, averring that the land in question was used exclusively for farming purposes and this averment is admitted by all parties in interest. This is an allegation of fact and it is entirely competent for those petitioning for the incorporation of the borough to admit the fact and agree that the land should be excluded. The court having jurisdiction to exclude farm land, the manner in which this jurisdiction is exercised is a matter of detail and an error in such matter does not necessarily render the decree invalid. It is not jurisdictional in its nature, even though the parties whose land was improperly excluded has the right to complain.

Under the provisions of chapter 2, article I, section 4, of the Act of May 4, 1915, P. L. 312, an advertisement relative to the incorporation of a borough, must be published in a newspaper for a period of not less than 30 days immediately before the next regular term for which it is possible to give the notice by the act required. It was the intention of the act that the decree should be entered for the term during which notice was given, but the statute expressly provides: "If the court shall deem further investigation necessary they may make such order thereon as to right and justice shall appertain." The court may therefore take such time as in its discretion seems necessary to properly dispose of the proceeding. In accordance with such provisions it was not error for the court to direct on the 2d day of October, 1919, that notice should be given for a period of 30 days before the first Monday of November, 1919, the first day of the next term, nor was it without jurisdiction to enter the final decree at the December term.

Argued May 4, 1920. Appeal, No. 95, April T., 1920, by Pittsburgh Terminal Railroad & Coal Company, P.

W. Brannon, John H. Daube and Adam Spiegel, from decree of Q. S. Allegheny County, September Sessions, 1919, No. 10, In re Incorporation of the Borough of Castle Shannon.   Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Exceptions to the incorporation of the Borough of Castle Shannon.   Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

The court decreed the incorporation of the borough.

*Error assigned* was the order of the court.

*Sidney J. Watts,* and with him *Horace F. Baker,* for appellant.

*Hugh M. Stilley,* and with him *George W. Allen,* for appellee.

OPINION BY PORTER, J., November 8, 1920:

The petition for the incorporation of this borough, duly verified by affidavit, stating that the petition was signed by a majority of the freeholders residing within the limits of the proposed borough and that the signatures thereto were affixed subsequently to July 17, 1919, was presented to the court below on October 2, 1919; whereupon the court ordered it to be filed with the clerk and that notice thereof be given in a designated newspaper of the county, for a period of not less than thirty days immediately before the first Monday of November, 1919.   Proof of publication of the notice, as required by the Act of May 14, 1915, P. L. 312, and the order of court, were at the proper time duly filed.   During the period provided by the statute for filing exceptions, exceptions were filed by a number of persons, objecting to the incorporation upon the ground of expediency, that the petition was not signed by a majority of the freeholders

of the proposed borough, and that certain lands of the exceptants, included within the proposed boundaries of the borough, were used exclusively for farming purposes. The attorneys for the petitioners for the incorporation and the exceptants, subsequently, filed a stipulation agreeing that the boundaries of the proposed borough should be modified by excluding therefrom the farmlands of George C. Smith's heirs, John A. Martin's heirs and F. Vitte, and the exceptants thereupon, with leave of the court, withdrew their exceptions. The court below thereupon entered a decree incorporating the borough, excluding the farmlands of the parties named.

The Pittsburgh Terminal Railroad & Coal Company does not seem to have taken any interest in the proceeding until after the final decree had been entered, but it did, two days after that event, present its petition, averring that it was the owner of lands within the limits of the borough; that the incorporation is unnecessary, inadvisable and inexpedient, and will result in pecuniary loss to the petitioner, and asking leave to file exceptions nunc pro tunc. The court below refused to vacate the decree of incorporation and to permit the petitioner to file exceptions. The coal company and three other parties thereupon took this appeal. The coal company could not have taken this appeal unless by joining some other parties, for the act provides that an appeal from such a decree must be "by not less than three persons aggrieved thereby." How the parties who have joined the coal company in this appeal got into the case does not clearly appear. They took no part in the proceedings in the court below, either as petitioners or exceptants. It is stated in the paper-book of the appellants that those parties are freeholders residing in the borough, but this does not appear from the record, which is all that we in strictness ought to consider, nor is it even asserted that it appeared in evidence. The court below did, however, grant an exception to the coal company and the three parties named, although the reason for so

doing does not appear.  The reason for the failure of the coal company to file exceptions in time, as stated by its counsel on the oral argument, was that the officers of the company had changed their mind, after it was too late to file exceptions, as to whether it was desirable to have the borough incorporated.  We are by no means convinced that the motion of the appellees to quash the appeal ought not to prevail, but as the court below saw fit to grant an exception to these four appellants, we will consider the specifications which allege that it appears upon the face of the record that the court was without jurisdiction to enter the decree.  The attempt, after a final decree has been entered, by a new party to come in and fight the battle all over again ought not to be encouraged.

The petition for the incorporation of the borough was in all respects regular, averring the essential facts, among them that it was signed by the requisite number of freeholders and within the time prescribed by the statute, and it was duly verified by affidavit.  This was sufficient to invoke the jurisdiction of the court.  Exceptions were filed, it is true, averring that the petition was not signed by the requisite number of freeholders, but these exceptions were, by leave of the court, withdrawn by those who had filed them.  This left the case in precisely the same condition that it would have been in if the exceptions never had been filed.  The only evidence which the court had before it was the affidavit attached to the petition, averring that the signers were a majority of the resident freeholders.  The argument on behalf of these appellants; that the exceptions having raised an issue of fact, the exceptants could not abandon that issue, and that the court was without jurisdiction to enter a decree until evidence had been taken upon that issue, which as a matter of fact no longer existed, is absolutely without merit.  The contention that the court was without jurisdiction to enter the decree excluding certain farmlands cannot be sustained.  Exceptions had

been filed averring that the land in question was used exclusively for farming purposes. This was an allegation of fact, and it was entirely competent for those petitioning for the incorporation of the borough to admit the fact and agree that the land should be excluded. The statute confers upon the court of quarter sessions jurisdiction to exclude, from the boundaries proposed, land exclusively used for the purposes of farming, at the request of the party aggrieved. The court having jurisdiction to exclude farmlands, the manner in which that jurisdiction is exercised is a matter of detail, and an error in such a matter does not necessarily render the decree invalid, it is not jurisdictional in its nature, even though the parties whose land was improperly included or excluded had the right to complain. No land of these appellants was excluded, and they took no steps in the court below to prevent the exclusion of the farms which were left out. We have in this case no finding of fact by the court below that is not in harmony with the decree which it entered.

Chapter 2, article I, section 4, of the Act of 1915, provides that: "Upon presentation to the court the application shall be filed with the clerk, and notice thereof shall be given in one newspaper of the county for a period of not less than thirty days immediately before the next regular term following the filing thereof, during which time exceptions may be filed to the application by any person interested." This is to insure that all parties interested in this public proceeding may have notice, so that they may oppose the incorporation if they so desire. The notice must be given, for at least thirty days immediately before the term at which the court has authority to act. In Allegheny County, the rules of the quarter sessions provide for a term of the court during each month, beginning on the first Monday thereof, except during certain months of the summer. It is, therefore, manifest that, even if a petition were to be presented on the first day of the term, notice by publication

could not be given for thirty days prior to the next regular term, unless the month were one containing five Mondays.   The petition in this case was presented on the 2d day of October, 1919, which was the last secular day of the September term; the October term began on Monday, October 4th.   The notice required by the statute could not possibly be given before that date, and the only term to which proper notice could be given was that which began on the first Monday of November.   We are of opinion that this section of the statute must be construed to mean that the advertisement in the newspaper shall be for a period of not less than thirty days immediately before the next regular term for which it is possible to give the notice by the act required.   The part of the section following the words above quoted contemplates that the decree shall be entered during the term for which the notice is given; it expressly provides, however, that; "but if the court shall deem further investigation necessary they may make such order thereon as to right and justice shall appertain."   This seems to make it clear that the provision was not intended to be mandatory.   The legislative intention was that the proceeding should be disposed of with reasonable promptness, but that the court might take such time as in its discretion seemed necessary to properly dispose of the proceeding.   The court did not err in directing that the notice should be given for the period of thirty days before the first Monday of November, 1919, nor was it without jurisdiction to enter the final decree at the December term.

The decree is affirmed and the appeal dismissed at the cost of the appellants.