# Incorporation of the Borough of Moosic.

*Appeals—Borough incorporation—Adjudication of fact by quarter sessions not reviewable.*

Whether the signers to a petition for borough incorporation, are or are not freeholders is a question of fact, and where the court below overruled an exception raising this question such action is an adjudication of the fact, and being one of those things committed by the legislation to the discretion of the quarter sessions, the appellate court has no authority to review its finding.

*Borough incorporation—Essential description of boundaries in terms.*

The purpose of the Act of April 1, 1834, P. L. 163, in requiring that the courses and distances of the boundaries of a proposed borough be set forth in words at length was that such limits be established with accuracy and that all persons might know whether they were within or without the lines. No boundary is easier to fix than one along the course of a well known and considerable stream, and the boundaries are set forth in a petition with substantial compliance with the statute when the distance along such a stream is given at length.

*Borough incorporation — Notice of petition—Defective assignment—Presumption as to action of court below.*

Where error is assigned to the overruling of an exception to the form of publication of notice of the presentation of a petition for borough incorporation and the appellants fail to print the notice in their paper-books the appellate court must assume that the action of the court below was correct.

*Review of discretion of quarter sessions—Matters of fact and expediency in borough incorporation proceedings.*

In the absence of abuse of discretion the determination by the quarter sessions as to questions of fact and expediency is not reviewable by the appellate court.

*Discretion of quarter sessions as to territory incorporated—Review.*

It is the duty of the quarter sessions to exercise a wise discretion in passing upon questions as to whether the territory proposed to be incorporated is composed of several distinct villages or was in fact one village, and the extent and character of the lands are not, per se, controlling elements in the determination of the question, but the judgment arrived at is not reviewable by the appellate court unless an abuse of discretion be distinctly charged and clearly established.

*Presumption as to consideration of remonstrance.*

That the quarter sessions decided against a remonstrance does not establish that they did not give the representations made all the weight merited, especially when facts were set forth in the remonstrance which required the support of evidence or made suggestions as to expediency which were merely arguments.

VOL. XII—23

Argued Oct. 9, 1899.   Appeal, No. 4, Jan. T., 1900, by re-
monstrants, from decree of  Q. S. Lackawanna Co., June Sess.,
1897, No. 539, incorporating the borough of Moosic.   Before
RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D.
PORTER and BEEBER, JJ.   Affirmed.   Opinion by W. D. POR-
TER, J.

Exceptions to petition for incorporation of a borough.   Be-
fore ARCHBALD, P. J., and EDWARDS, J.

It appears from the record that a petition of freeholders and
residents of that part of the township of Lackawanna and county
of Lackawanna, which includes the village of Moosic and the
village of Greenwood, was filed, praying for the incorporation
of said villages as a borough to be known by the name and
style of the borough of Moosic.   On December 9, 1898, the
court made the following minute: "This case came on to be
heard and after hearing and careful consideration and full in-
vestigation of the case the court find that the conditions pre-
scribed by law have been fully complied with, and also the court
believes 'that it is expedient' to grant the prayer of the appli-
cants."   A decree followed designating the territory to be incor-
porated.

The following exceptions, among others, were filed, which
were overruled by the court:

[1. Only resident freeholders within the limits of the pro-
posed borough are entitled to a petition for the incorporation
thereof.   The petition does not set forth which of its signers
are claiming to be freeholders.   The affidavit attached to said
petition states that all of the signers are freeholders.   This
statement the exceptants believe to be false.   The petition
therefore is void for uncertainty, and not in compliance with
the statute.] [1]

[2. The boundaries of the proposed borough are not set forth
as required by law, in that the courses and distances are not
set forth at length in words.   At least two of the boundaries
are vague, uncertain and indefinite, those along Mill creek and
the Lackawanna river.] [2]

[3. The incorporation advertisement includes the village of
Moosic and the village of Green.   There is no village of Green
in Lackawanna township.   Furthermore there is nothing in the

353, (1900).                  Exceptions—Arguments.

advertisement to warn the inhabitants of Greenwood, Oak Hill, Starks and No. 4 of their inclusion within the proposed borough.] [3]   Other exceptions were to the effect: [That there is no town or village in the territory and the court consequently had no jurisdiction.] [4]   That it is said to conglomerate four or five widely separated settlements.] [5]   [That nine tenths of the proposed borough is either wild or farming land.] [6] [That the proposed borough would not be compact or symmetrical.] [7]   [That the territory of the proposed borough has not experienced within recent years the growth and development characteristic of a healthy borough.] [8]   [That the effect of the incorporation of the proposed borough on the remainder of the township would be to deprive it of a large portion of its revenue.] [9]

The court made the final decree of incorporation of the borough.   Remonstrants appealed.

*Errors assigned* were (1–9) disregarding exceptions one to nine, reciting same as indicated in the statement of facts. (10) In disregarding the remonstrances filed to the incorporation of said borough.   (11) In making the final decree of incorporation.

*M. J. Donahoe*, with him *I. H. Burns*, for appellants, cited Act of April 1, 1834, P. L. 163, sec. 2, as to the essentials of description necessary to be set out in a petition for incorporation.

The boundaries assigned along Mill creek and the Lackawanna river at low water are not sufficient compliance with the requirements of the statute.

Down said river ——— feet is sufficient where the boundary is a navigable river: Duquesne Borough, 147 Pa. 58.

The most important and most serious objection, however, to the incorporation of the proposed borough lies in the fact that it is here attempted to incorporate two widely separated villages, if indeed the mining settlement at Greenwood is entitled to be called a village.

The statutes which confer upon the several courts of quarter sessions of this commonwealth the power to incorporate boroughs by and with the concurrence of the grand jury of the

county must be strictly construed, and performance of all the conditions essential to the exercise of this power must appear affirmatively on the record: Versailles Borough, 159 Pa. 43; Borough of West Philadelphia, 5 W. & S. 281.

Three distinct villages separated by acres of farm land cannot be incorporated into a borough by the court: Swoyersville Borough, 5 Kulp, 191.

*John M. Harris,* for appellees.—It has been held that the description of the boundaries of a proposed borough was sufficient where the line was a navigable stream and was said to extend "thence by low water line and down said river ———— feet:" Incorporation of Duquesne, 147 Pa. 58.

The objection to the form of the published notice of intention to apply for incorporation comes too late, after the parties making it have taken notice, and appeared and contested the application: Borough of Edgewood, 130 Pa. 348; Taylor Borough, 160 Pa. 475; Beaumont v. Wilkes-Barre, 142 Pa. 198, 215.

The first, fourth, fifth, sixth, seventh, eighth and ninth exceptions of the appellants raise questions of fact and expediency only, and are not reviewable by the Superior Court: Taylor Borough, 160 Pa. 475; Borough of Sewickly, 36 Pa. 80.

OPINION BY W. D. PORTER, J., January 17, 1900:

The first assignment of error is to the action of the court below in overruling the first exception presented by appellants. The exception alleged that the affidavit accompanying the petition, which set forth that all the signers of the petition were freeholders residing within the limits of the territory specified in the petition, was by the exceptants believed to be false. This raised a question of fact. The court overruled the exception, which was an adjudication of the fact contrary to the contention of appellants, and, being one of those things committed by the legislation to the discretion of the quarter sessions, we have no authority to review that finding.

The second specification of error complains that the boundaries of the proposed borough are not set forth as required by law, in that the courses and distances are not set forth at length in words. The special defects relied upon are that the lines

along Mill creek and the Lackawanna river, respectively, give the distances and call for low water mark of the streams as the boundaries, but do not give the courses of the curves of the streams. The purpose of the requirement of the statute that the courses and distances of the boundaries be set forth in words at length, was that the limits of the proposed borough should be established with accuracy and that all persons might know whether they were within or without the lines. No boundary is easier to fix than one along the course of a stream. In this case the streams seem to be well known and of considerable size. We are of opinion that the boundaries set forth in the petition substantially complied with the statute: Duquesne Borough, 147 Pa. 58.

The third assignment of error is to the overruling of an exception to the form of publication of notice of the presentation of the petition. The appellants do not print the notice in their paper-book and we must assume that the action of the court below was correct.

The fourth, seventh, eighth and ninth specifications of error relate to the action of the court below in passing upon questions of fact and expediency, which have been by law committed to its discretion. In the absence of an abuse of that discretion, the determination of such questions by the court of quarter sessions is not reviewable. See Swoyerville Borough, ante, p. 118.

The fifth and sixth assignments of error refer to the action of the court below in overruling the fifth and sixth exceptions filed by the present appellants. Those exceptions set forth that the territory proposed to be incorporated contains four or five widely separated settlements, and a large amount of farm or wild land not appurtenant to any of said settlements. There were thus raised questions of fact which were to be determined upon evidence, and questions of expediency which were the subject of the discretion of the court below. Upon these exceptions it was the right of the parties, respectively, to produce evidence, and it was the duty of the court, upon consideration of the evidence, to determine, whether the territory was composed of several distinct villages having diverse interest, or was, in fact, one village with its properly appurtenant lands. The extent and character of the lands are not, per se, controlling

elements in the determination of the question: Borough of Blooming Valley, 56 Pa. 66. It is the duty of the court of quarter sessions to exercise a wise discretion in passing upon these questions, and carefully avoid joining in an incorporated borough two or more separate and distinct villages. The judgment arrived at is not reviewable by the appellate court unless an abuse of discretion by the court below be distinctly charged and clearly established. In the present case there is no suggestion of an abuse of discretion. As to the farming lands alleged to be improperly included within the limits of the borough, it is most significant that not a single owner presented a petition, under the Act of April 1, 1863, P. L. 200, asking that his lands be excluded. The inhabitants of the proposed borough are practically unanimous in desiring its incorporation. We are not convinced that there was error in overruling the exceptions.

The tenth assignment of error alleged that the court disregarded the remonstances filed against the incorporation of the borough. We cannot find from the record that the court did not consider the remonstrances. That the court did not decide in favor of the remonstrants, does not establish that it did not give their representations all the weight which they merited.

The remonstrances set forth facts, which required the support of evidence, or made suggestions as to expediency, which were merely arguments. All the assignments of error are dismissed.

Decree affirmed and appeal dismissed at costs of the appellants.