# Alliance Borough.

*Boroughs—Incorporations—Distinct villages.*

When a number of distinct villages have coalesced by the growth of population, they may be incorporated as a borough, although the different parts which have grown into one community may continue to be known locally by their original designations.

Whether territory proposed to be incorporated is one village or town with its properly appurtenant land, is usually one of fact, the determination of which has been by the law delegated to the court of quarter sessions, and in the absence of an abuse of discretion, the determination of that court is conclusive.

A recital in a petition for the incorporation of a borough that the petitioners are the inhabitants of four towns designated by name, and that " the said town contains a large number of houses arranged upon regular plans," etc., is not sufficient in itself to show that the court was without jurisdiction to entertain the proceeding.

Argued Dec. 4, 1901.   Appeal, No. 130, Oct. T., 1901, by Lawrence Cement Co., from order of Q. S. Northampton Co., incorporating borough of Alliance.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Petition for the incorporation of the borough of Alliance. Before SCOTT, J.

*Error assigned* was in entering decree of incorporation.

*W. S. Kirkpatrick* and *E. J. Fox*, with them *J. W. Fox*, for appellant.—The court had jurisdiction: Swoyerville Borough,

12 Pa. Superior Ct. 118; Moosic Borough, 12 Pa. Superior Ct.
353; Little Meadow Borough, 35 Pa. 335.

*Russell C. Stewart*, with him *Joseph H. Stofflett*, for appellee,
cited: Swoyerville Borough, 12 Pa. Superior Ct. 118; Act of
May 9, 1889, P. L. 174; Narberth Borough, 171 Pa. 211; Taylor
Borough, 160 Pa. 475; Duquesne Borough, 147 Pa. 58; Moosic
Borough, 12 Pa. Superior Ct. 353; Yeadon Borough, 14 Pa.
C. C. Rep. 290; Eddystone Borough, 3 Del. Co. Rep. 541.

OPINION BY W. D. PORTER, J., January 21, 1902:

We have in this case but one assignment of error, viz: that
the court erred in entering the decree of incorporation. This
eliminates from our consideration any question other than the
jurisdiction of the court to enter the decree. The court had
general jurisdiction of the subject-matter, and unless it ap-
pears upon the face of the record that there was in this pro-
ceeding some jurisdictional defect, the judgment must be
affirmed. Whether the lands of the appellants properly be-
longed to the borough and had a community of interest with
it, was a question by law committed to the discretion of the
court below, and even if the manner in which that discretion
was exercised was the subject of review, it could only be made
so by a distinct specification of error.

It is contended on behalf of the appellants that the court
was without jurisdiction to enter the decree, for the reason
that the record shows upon its face that this borough as in-
corporated includes four towns. This contention is founded
upon the wording of the petition in which the proceeding had
its inception, the parts of which material for consideration are:
" The petition of the undersigned, inhabitants of the towns of
Siegfreids, Rosendale, Newport and Northampton, in the town-
ship of Allen, county aforesaid, respectfully represents; that
the said town contains a large number of houses arranged
upon regular plans, in regard to streets, lanes and alleys, and
that the petitioners reside within the limits thereof as herein-
after set forth and described, and that the same contains about
four hundred freeholders and a population of about forty-five
hundred inhabitants; that they are desirous that the said
towns should be incorporated by the name and title of the

Borough of Alliance," etc. It is evident that this paper was prepared in the manner usual with popular petitions, without the aid of legal advice; it is only when a controversy develops in such cases that the assistance of counsel is invoked to correct apparent blunders and guard against fatal mistakes. The language used in this petition is to be understood in its colloquial sense and not according to strict technical significance. The petition in its opening sentence first describes the petitioners as residents of four towns; this was for the purpose of identification of the signers. When they come to speak of the territory to be incorporated, they say that the said town contains a large number of houses arranged upon regular plans, in regard to streets, lanes and alleys. The reasonable interpretation of this instrument would be that there was one general aggregation of population inhabiting a large number of houses arranged upon regular plans, in regard to streets, but that different sections of the community had come to be locally known by different names, and that such names were for convenience used to designate the places of residence of those who dwelt therein. The construction most favorable to the contention of the appellants which could be made with any show of reason, would be that there were within the territory proposed to be incorporated four centers of population, each locally known by a different name. In the development of the material resources of the commonwealth villages spring up in the neighborhood of mining and manufacturing operations as if by magic. The settlement may be named after some person or corporation, but the name affords no means of determining the limits which are to mark the future growth of the village. A post office may be established and the locality will continue to be known by its original local designation long after the growth of the village has met the advancing lines of other centers of population, so that what were originally isolated hamlets have become aggregated into a busy town with a population having a community of interests, which can only be properly subserved by a common borough government. When a number of distinct villages have thus coalesced they may be incorporated as a borough, although the different parts which have thus grown into one community may continue to be known locally by their original designations: Taylor Borough, 160 Pa.

475; Swoyerville Borough, 12 Pa. Superior Ct. 118; Moosic Borough, 12 Pa. Superior Ct. 353. The case of the Borough of West Philadelphia, 5 W. & S. 281, was ruled under the act of assembly of April 1, 1834, the 1st section of which limited the powers of the quarter sessions to the incorporation of " any town or village within their respective jurisdictions, containing not less than three hundred inhabitants." The enlargement of the jurisdiction of the court of quarter sessions effected by the 21st section of the Act of April 3, 1851, P. L. 325, and the Act of April 1, 1863, P. L. 200, vested in the court a discretion to determine the extent and character of the land to be included in incorporating a borough: Borough of Sewickley, 36 Pa. 80; Borough of Blooming Valley, 56 Pa. 66. The court should, however, always exercise a sound discretion in these matters. The law does not contemplate the incorporation of widely separated villages, having no interest in common. Whether the territory proposed to be incorporated is one village or town, with its properly appurtenant land, is usually one of fact, the determination of which has been by the law delegated to the court of quarter sessions, and, in the absence of an abuse of discretion, the determination of that court is conclusive. We are not prepared to say that a case might not arise, as where it appeared upon the face of the record that it was proposed to incorporate territories separated by some natural obstacle not reasonably surmountable, in which we would hold that the court was without jurisdiction to enter a decree.

Accepting the construction of the petition most favorable to the appellants, it shows that prior to the incorporation of this borough the territory embraced what had been locally called four different towns. This was not alone sufficient to justify us in assuming that these settlements had not so approximated as to become in fact one community. The petition did not, therefore, show upon its face that the court was without jurisdiction to entertain the proceeding. The appellants filed exceptions raising the vital question of fact, and the court below after a patient hearing overruled the exceptions. This was a determination of the fact contrary to the contention of the appellants. In passing upon the question of jurisdiction we must consider the whole record, of which the exceptions and the ruling of the court thereon are a part. The fact upon which ju-

risdiction was dependent having been found against the appellants, we must accept the conclusion.

The decree is affirmed, and the appeal is dismissed at the cost of the appellants.