# Edgeworth Borough.

*Boroughs—Incorporations—Petition—Courses and distances—Act of April 1, 1834, sec. 2, P. L. 163—Amendment.*

A petition for the incorporation of a borough which sets out the courses and distances in figures so plainly and accurately as to exclude any reasonable probability of mistake, sufficiently complies with sec. 2 of the Act of April 1, 1834, P. L. 163, which requires that the petition shall contain a particular description of the boundaries exhibiting the courses and distances in words at length.

Where a petition for the incorporation of a borough sets out the courses and distances in figures with the abbreviations of " deg." and "min." to indicate degrees and minutes, the court may while the matter is pending and all the parties are represented, permit an amendment of the petition so as to set out the courses and distances in words at length.

*Boroughs—Incorporation—Findings of fact—Discretion.*

In the absence of abuse of discretion, a determination by the quarter sessions as to questions of fact and expediency in proceedings to incorporate a borough, is not reviewable by the appellate court.

Argued April 15, 1904. Appeal, No. 123, April T., 1904, by D. Leet Wilson, John Bole and Isabel H. Stewart, from order of Q. S. Allegheny Co., March T., 1903, No. 44, incorporating a borough, In re Edgeworth Borough. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for the incorporation of a borough. Before MAC-FARLANE, J.

The court entered a decree of incorporation in accordance with the prayers of the petition.

*Errors assigned* were as follows :

1. The original petition failed to exhibit the courses and distances of the boundaries of the proposed borough in words at length, and the court was therefore without jurisdiction.

2. The court erred in permitting the amendment of the original petition by setting out the courses and distances in words at length.

3. The court erred in entering a decree that does not conform to its opinion. The opinion directs a decree to be drawn, " the northeasterly or easterly line of Grand avenue to be the boundary of the borough," and the decree takes in a large territory lying to the northeast of said avenue.

4. The court erred in not sustaining the third exception filed by D. Leet Wilson, which exception is as follows : " That this exceptant and other owners who have petitioned this court to exclude their property from the limits of said borough together own a large tract of unimproved or farming property situate at the edge of said proposed borough and which is not a part of any village, and therefore not properly to be included within the borough lines."

5. The court erred in not sustaining the fifth exception filed by D. Leet Wilson, which exception is as follows : " For the reason that the property of this exceptant is unimproved farming property, twenty-five acres in extent, lying adjacent and

contiguous to other unimproved farming property, comprising several hundred acres in extent, and cannot be made, against this exceptant's protest a part of said borough or incorporated town."

6. The court erred in not excluding appellants' properties from the limits of the borough.

7. The decree of the court.

*J. R. Sterrett*, of *Patterson, Sterrett & Acheson*, for appellant, cited : Versailles Borough, 159 Pa. 43 ; Little Meadows Borough, 28 Pa. 256.

*W. D. N. Rogers*, with him *O. S. Richardson*, for appellees, cited: Swissvale Borough Incorporation, 9 Pa. Superior Ct. 212 ; Wilkinsburg Borough, 131 Pa. 365 ; Duquesne Borough Incorporation, 147 Pa. 58; Moosic Borough Incorporation, 12 Pa. Superior Ct. 353 ; Aultman's App., 98 Pa. 505; McCutcheon v. Smith, 173 Pa. 101.

OPINION BY MORRISON, J., July 28, 1904 :

This is an appeal from the decree of the court of quarter sessions of Allegheny county incorporating the borough of Edgeworth. The appeal purports to be taken under the provision of the Act of May 9, 1889, P. L. 174, to wit: " That in all proceedings, now pending, or which may hereafter be instituted, in any court of quarter sessions within this commonwealth for the erection of boroughs, wherein a decree has been entered incorporating any town or village, an appeal shall lie from such decree within twenty days from the recording of such decree by not less than three persons aggrieved thereby."

It is contended that Isabelle H. Stewart, one of the appellants, did not appear in the court below and asked nothing from the court and was refused nothing, and therefore, she is not in any proper or legal sense a person aggrieved by the decree. If this is so then the appeal has not been taken by the prescribed number of persons, and under the act of assembly this court is without jurisdiction to review the decree : Swissvale Borough Incorporation, 9 Pa. Superior Ct. 212; Incorporation of Wilkinsburg Borough, 131 Pa. 365. While there may be merit in this contention the view we take of the case

leads us not to determine this point adversely to the appellants, and therefore we will dispose of the assignments of error assuming that the appeal is well taken, but the point is not decided.

The learned counsel for appellants state the questions involved thus : " (a) Has the court of quarter sessions jurisdiction to incorporate a borough, where the original petition fails to exhibit 'the courses and distances in words at length ; ' (b) Has the court power to permit the petition to be amended, so as to set forth 'the courses and distances at length,' after publication of notice of filing the petition has been completed, and after the time fixed for hearing the application ; (c) Can the court enter a decree of incorporation wherein the lines do not coincide with those directed in the court's opinion, and (d) proper exercise of discretion by the court in excluding farm lands."

The first assignment of error relates to subdivision (a). The complaint here is that the courses and distances of the boundaries of the proposed borough are not exhibited in words at length. An examination of the petition shows that they are set out in figures so plainly and accurately as to exclude any reasonable probability of mistake. Section 2 of the Act of April 1, 1834, P. L. 163, requires that the petition for incorporation must contain a particular description of the boundaries thereof, exhibiting the courses and distances in words at length. It is argued that the petition setting out the courses and distances in figures and abbreviations is insufficient to confer jurisdiction upon the court. We are not able to agree with this contention. The legislative intent was only to render the courses and distances certain, and in the absence of any averment of error or uncertainty in the courses and distances in the petition under consideration we do not regard it insufficient to confer jurisdiction. In support of their contention the counsel cite Versailles Borough, 159 Pa. 43, but we do not think the doctrine of that case requires us to hold that the court was without jurisdiction because figures and abbreviations were used in place of words at length. There is no allegation of any mistake or probability of any mistake or of uncertainty growing out of this alleged defect in the petition. And to hold that the petition does not give the court jurisdiction would be carrying technicalities to an alarming extent.

In addition to this the court below saw fit, while the matter was pending and all the parties were represented, to permit an amendment of the petition, which was simply an exact copy of the courses and distances and description written out in words, and we are of opinion that the court had power to allow this amendment inasmuch as it changed nothing and could not possibly injure anyone. And while we are not inclined to think it was necessary, yet it was well to allow it as a matter of great caution for the purpose of guarding against any possible mistake or misunderstanding of the figures, etc., set out in the original petition. The legislative intent was to insure fixed and certain boundaries for boroughs, and this was all that was intended by the provision that the description of the boundaries by courses and distances must be set out in words at length. It would be extremely technical to say that this provision of the act had not been complied with by the use of figures followed by the words " deg." " min." to indicate degrees and minutes respectively. Such extreme technical construction is not required : Incorporation of Duquesne Borough, 147 Pa. 58 ; Incorporation of the Borough of Moosic, 12 Pa. Superior Ct. 353.

As to the amendment we hardly think it necessary to cite authorities inasmuch as it worked no change whatever, but merely set out in words at length that which had already been set out in figures and abbreviations in the petition. Upon the general question of amendments, see Aultman's Appeal, 98 Pa. 505 ; McCutcheon v. Smith, 173 Pa. 101. We, therefore, conclude that the court had jurisdiction upon a petition which is sufficient in form and substance. And, therefore, the first and second assignments are not sustained.

The third assignment is that the court erred in entering a decree that does not conform to its opinion. An examination of the opinion and the decree convinces us that this exception is without merit. We cannot see why the court was prohibited by its own opinion, from fixing a boundary line of the borough in the decree, and this assignment is not sustained.

The fourth and fifth assignments raise questions peculiarly within the discretion of the court below, and a careful examination of the record does not disclose any such abuse of discretion by the court as would justify a reversal on this ground. The learned court found the facts against the contention of the

exceptants, and we see no sufficient reason for disagreeing with the court, and, therefore, the fourth and fifth assignments are not sustained. The sixth assignment is that the court erred in not excluding appellant's properties from the limits of the borough. We are not convinced that the court erred in this particular, and therefore this assignment is not sustained.

The seventh and last assignment is that the court erred in entering the final decree incorporating the borough. A patient examination of the whole record does not disclose to us any reversible error, and in the absence of abuse of discretion a determination by the quarter sessions as to questions of fact and expediency is not reviewable by the appellate court: Incorporation of the Borough of Moosic, supra; Alliance Borough, 19 Pa. Superior Ct. 178. All the assignments of error are dismissed.

Decree affirmed and appeal dismissed at costs of the appellants.