## Leetsdale Borough.

*Boroughs—Incorporation—Discretion of quarter sessions.*

Whether the territory proposed to be incorporated is one village or town, with its properly appurtenant land, is usually one of fact, the determination of which has been by the law delegated to the court of quarter sessions, and, in the absence of an abuse of discretion, the determination of that court is conclusive.

*Boroughs—Incorporation—Continuance of proceedings.*

Where a petition for the incorporation of a borough is filed at the June

sessions, is before the court on exceptions at the September sessions, is called up for argument at the December sessions, and a decree is entered the following March, the proceedings are regular. The action of the court in calling up the case in each regular session after the filing of the petition is equivalent to the continuance contemplated by the act.

If the hearings in proceedings to incorporate boroughs are, upon reasonable grounds, regularly adjourned from time to time by the court, the spirit of the act is complied with, the purpose of legislation being to give all persons interested an opportunity to be heard and to know when hearings are being held.

Argued May 9, 1904. Appeal, No. 143, April T., 1904, by Joseph W. Craig et al., from order of Q. S. Allegheny Co., June T., 1903, No. 64, incorporating a borough in case of Borough of Leetsdale. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for the incorporation of a borough.

From the record it appeared that the principal contention of the acceptants was that their properties included within the proposed borough lines were farming lands exclusively, and not a part of any village. The court, however, in an opinion by RODGERS, J., held that the territory was reasonably compact, largely built up and growing rapidly.

*Error assigned* was the order of the court incorporating the borough.

*T. Patterson*, of *Patterson, Sterrett & Acheson*, with him *W. T. Tredway*, for appellant.—This is an attempt, not to incorporate a town or village contemplated by the act, but to incorporate a vast amount of territory for some ulterior purpose: Little Meadows Borough, 28 Pa. 256.

The court had no power to enter a decree after September term: Linton Borough, 26 P. L. J. (N. S.) 293.

*B. H. Pettes*, of *Pettes & McAllister*, with him *Thomas W. Neely*, for appellees.—The court acted within its discretion: Duquesne Borough, 147 Pa. 58 ; Prospect Park Borough, 166 Pa. 502 ; Narberth Borough, 171 Pa. 211 ; Alliance Borough, 19 Pa. Superior Ct. 178 ; Taylor Borough, 160 Pa. 475.

The proceedings were regular : Wayne Borough, 12 Pa. Superior Ct. 363.

OPINION BY MORRISON, J., July 28, 1904:

This is an appeal by nine persons from the decree of the court of quarter sessions of Allegheny county incorporating the borough of Leetsdale. The first, second and third assignments of error raise questions which the legislature has seen fit to commit to the discretion of the courts of quarter sessions. And while the action of such courts can be reviewed on appeal, yet the established rule is that the appellate court will not reverse except for a plain abuse of discretion : Taylor Borough, 160 Pa. 475 ; Narberth Borough, 171 Pa. 211. In the latter case, p. 220, the Supreme Court said : " It was never intended that any decree incorporating a borough should be disturbed by this court, unless illegality in the proceedings is made manifest by the record, or abuse of discretion, on the part of the court below, is distinctly charged and clearly established."

In Alliance Borough, 19 Pa. Superior Ct. 178, we said : " Whether the territory proposed to be incorporated is one village or town, with its properly appurtenant land, is usually one of fact, the determination of which has been by the law delegated to the court of quarter sessions, and, in the absence of an abuse of discretion, the determination of that court is conclusive." See also cases cited in Alliance Borough.

A careful examination of the record and evidence in the light of the doctrine in the above cases, does not convince us of any such abuse of discretion in the present case as will warrant a reversal for any of the reasons raised by the exceptions. It appears that the learned court below considered the petition and the testimony, and made a personal inspection of the territory described in the petition and reached the following · conclusion : " We are convinced that the petition herein filed fully meets all of the requirements of the statutes, and that the exceptions are without merit and must be dismissed."

The fourth assignment is that the court erred in entering the decree, quoting it. Having concluded that there is no serious error in the first three assignments, it follows that the fourth is without merit unless some illegality appears upon the face of the decree, or it is invalid on account of the question raised by the fifth assignment, which will be considered further

along. An examination of the decree does not disclose anything upon its face to justify its reversal.

The fifth assignment is : " The court had no power to enter any decree after the September sessions, 1903, had passed."

The petition for incorporation was filed in the sessions on July 27, 1903, to the June term or sessions of 1903. The next regular term of that court was held in September following. Exceptions were filed by a number of property owners, and numerous petitions for the exclusion of various properties from the borough limits were filed, including those of these appellants. On September 26, 1903, the court appointed a commissioner to take testimony. The testimony taken by the commissioner was returned into court December 1, 1903, and the case was then argued. Presumably the court then took the matter under consideration, and nothing further appears of record until March 27, 1904, when the court handed down its opinion dismissing the exceptions and petitions of appellants for the exclusion of their respective properties, and directed a decree to be drawn in accordance with the opinion filed. On March 28, 1904, the decree in question was entered, and the question raised by the last exception is, had the court power to enter any decree after the ending of the September sessions, which was the first Monday of December, 1903. We are not able to see any difficulty in the matters raised and argued under the fifth exception. The filing of the petition, the giving notice, the action of the court at the next regular term, the appointment of a commissioner to take testimony and the return of the testimony to the following regular term, is all regular, and the case was argued and taken under consideration by the court at the term to which the testimony was returned and filed. If there is anything irregular in the proceedings down to the time that the case was argued and submitted to the court, we fail to discover it, and we know of no decision or rule of law to prevent the court from taking the matter under consideration at the December sessions and filing an opinion in March following.

We are referred to the case of Linton Borough, 26 P. L. J. (N. S.) 293, court of quarter sessions, where it is said the precise question seems to have been decided. In that case the petition for incorporation was filed at the June sessions, and it was held

that it must be acted upon not later than the September sessions, which was the next regular sessions, and that no valid order thereon could be made as late as the December term or sessions. As we understand that case it was not acted upon at the September sessions, and that is the pith of the decision. In our case the petition was filed at the June sessions, and it is conceded that was before the court on exceptions at the September sessions. And on consideration the court then appointed a commissioner to take testimony. And when the testimony came in at the next or December sessions the case was taken up and argued and held under consideration until March following, when the opinion was filed and decree ordered. In our opinion all of this was regular, and the court had complete jurisdiction at the time the opinion and decree were filed on March 27 and 28, 1904. It is argued that no order was made continuing the proceedings, and that the next regular term after the term to which the petition was presented was allowed to pass, and no order made until the next regular term succeeding the September term or sessions. But as we understand the record the case was before the court at September sessions, and there being exceptions on the record the court appointed the commissioner at that time. Then the next sessions was December following and the case was then argued, so that we do not see the force of the above contention. There would be merit in this contention if it were true that the September sessions passed without the case being called up or considered. But such is not the fact. In In re Incorporation of Wayne Borough, 12 Pa. Superior Ct. 363, we said (p. 368) : " If the hearings in proceedings to incorporate boroughs are, upon reasonable grounds, regularly adjourned from time to time by the court, the spirit of the act is complied with, the purpose of legislation being to give all persons interested an opportunity to be heard and to know when hearings are being held."

In the case under consideration the appellants were represented at the September sessions by their exceptions, and it was their duty to be present, and presumably they were when the court took up the case and appointed the commissioner. Again, it is conceded that they were all present or represented at the argument at the December sessions, and while no

formal order appears on the record continuing the consideration of the proceedings, we think the action of the court in calling up the case in each regular sessions after the filing of the petition was equivalent to such continuance. After the argument at December sessions no proceedings whatever were had in the case, and we cannot see how the appellants were harmed by the court taking until the March following to consider the case and formulate the opinion.

None of the assignments show any sufficient ground for disturbing the decree, and they are all dismissed and the decree affirmed at the costs of the appellants.