# Ivyland Borough.

*Boroughs—Incorporation—Hearing on exceptions—Terms of court—Rules of court.*

Where the rules of the quarter sessions provide for certain regular terms of court and also certain adjourned terms for the hearing of arguments, and exceptions to the incorporation of a borough are filed at a regular term, the hearing on the exceptions may be had at the next adjourned term, although a regular term may have intervened. In such a case it is not necessary that the court enter upon the record a formal order adjourning the hearing to a day certain.

Argued Nov. 23, 1904. Appeal, No. 4, Oct. T., 1904, by Edward H. Jamison et al. from order of Q. S. Bucks Co., Nov. T., 1903, incorporating a borough in case of Ivyland Borough. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to the incorporation of a borough.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*William C. Ryan,* with him *Thomas* and *George Ross,* and *William* and *William R. Stuckert,* for appellants, cited: Wayne Borough, 12 Pa. Superior Ct. 363; Linton Borough, 5 Pa. Superior Ct. 36.

*Hugh B. Eastburn,* with him *Joseph W. Shelly,* for appellee, cited: Leetsdale Borough, 25 Pa. Superior Ct. 623.

PER CURIAM, December 16, 1904:

The number of the regular terms of the courts of Bucks county is seven. In addition to these there are four regularly established adjourned courts for arguments. The evident purpose in establishing these adjourned courts was to avoid the delay of jury trials which would be incident to extended arguments and hearings upon miscellaneous matters which do not require the intervention of a jury. The September term prior to which this application was duly presented, filed and advertised and exceptions were filed, was set apart for the trial of criminal cases, and the next regularly established adjourned

court was in December, at which court the petitioner and the exceptants presented their testimony, and the decree was made. It is not alleged that anyone who had a right to be heard was misled as to the time of hearing, or was not given an opportunity to be heard. Nor can it be successfully contended that the act of 1895 is so far mandatory and imperative that the court was without power to hear the case and enter the decree except at September term. There is nothing to show that the legislature intended to give this proceeding precedence over all other matters, much less that, if for any cause the court failed to do so, its power is gone at the end of the term. The provision of the act upon which the appellants rely must be regarded as directory only upon the principle enunciated in the cases cited in the opinion of Judge LANDIS in County of Lancaster v. City of Lancaster, 160 Pa. 411, at page 417. But it is argued that it was absolutely essential to the preservation of its jurisdiction that the court enter upon the record a formal order adjourning the hearing to a day certain. Incorporation of Linton Borough, 5 Pa. Superior Ct. 36, upon which the appellants' counsel rely, does not sustain this proposition. That case was decided upon the ground that the published notice construed in the light of the record was misleading. No objection of that kind is or can be made in this case. All persons interested had been duly notified, in the mode prescribed by the statute, of the presentation of the petition, and those desiring to be heard in opposition to it had made themselves parties to the record by filing exceptions. The jurisdiction of the court to proceed was then complete, and no one inspecting the record had a right to presume that the application had been abandoned because it was not heard at September term. On the contrary, all persons interested were affected with notice of the fact that it was pending and undisposed of, and would be heard in due course according to the established rules and practice of the court. And, as we have already pointed out, those who had intervened in the mode prescribed by the statute were fully heard at the stated adjourned court in December. The case is not distinguishable in principle, so far as this point is concerned, from Leetsdale Borough, 25 Pa. Superior Ct. 623.

Decree affirmed.