## Mill Creek Borough.

*Boroughs—Incorporation—Inclusion of lands—Acts of April 1, 1863, P. L. 200 and June 26, 1895, P. L. 389.*

A general decree incorporating a borough has the effect of over-ruling exceptions to the petition for incorporation. It is not necessary for the court to make a formal order granting or refusing a request of a party who seeks to have his land excluded. The decree of incorpo-ration is a legal refusal of such request.

On an appeal from a decree incorporating a borough, the appellate court will not review the discretion of the lower court in determining questions of fact, unless an abuse of such discretion is distinctly charged and clearly established.

There is nothing in the legislation relating to the incorporation of boroughs which authorizes the presentation by the parties of requests for findings of fact by the court.

Argued Oct. 23, 1906. Appeal, No. 3, Oct. T., 1906, by T. J. Maley and Eliza H. Green, from order of Q. S. Hunting-don Co., Sept. T., 1905, No. 14, incorporating the Borough of Mill Creek. Before RICE, P. J., PORTER, HENDERSON, MOR-RISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for the incorporation of the borough of Mill Creek. The opinion of the Superior Court states the case.

*Error assigned* was the decree of incorporation.

*W. B. Simpson*, with him *J. R. Simpson*, for appellant.

*Thomas F. Bailey*, for appellee.

OPINION BY PORTER, J., February 25, 1907 :

The specifications of error raise no question as to the regularity of the proceedings in the court below ; they all go to the manner in which the learned court below decided the questions of fact and expediency arising in the proceeding.    They present three questions, viz : (1) was the petition for incorporation signed by the requisite number of freeholders residing within the territory proposed to be incorporated ; (2) does the territory incorporated include but one village and its properly appurtenant land ; and (3) did the court err in entering a decree including within the borough the lands of Eliza H. Green ?

The Act of June 26, 1895, P. L. 389, authorizes the filing of exceptions to any petition for the incorporation of a proposed borough, and such exceptions are a part of the record proper ; but the statute does not require that the court shall make a formal order overruling such exceptions before entering a final decree ; the entry of the decree is, in legal effect, an overruling of the exceptions.    The Act of April 1, 1863, P. L. 200, empowers the court of quarter sessions, at the request of the party aggrieved, to exclude from the limits of a borough which it is proposed to incorporate, " lands exclusively used for the purposes of farming, and not properly belonging to the town or village."    This act does not, however, require the court to make a formal order granting or refusing the request of the party, who seeks to have his land excluded, and the entry of a decree including the lands within the limits of the borough, is a legal refusal of the request of the owner that it be excluded.    The entry of the decree incorporating the borough, in the present case, overruled the exceptions which had been filed and refused the petition of Eliza H. Green, requesting that her land be excluded.

The exceptions filed in the case and the petition of Eliza H. Green raised the three questions which are now, as hereinbefore stated, presented by the specifications of error.    There were thus raised questions of fact which were to be determined upon evidence, and questions of expediency which were the subject of the discretion of the court below.    Upon these questions it was the right of the parties, respectively, to produce evidence, and it was the duty of the court, upon consideration of the evidence, to determine the questions of fact involved.

The judgment of the court below was a determination of those questions of fact and expediency against the contention of the appellants. The judge of the court in arriving at that conclusion exercised a discretion with which he was by law invested, and is presumed to have brought to the consideration of the questions presented an unbiased mind and a conscience alive to the importance of the proper discharge of his official duty. The appellate courts will not, in such a case, review the manner in which that discretion is exercised, unless an abuse of discretion is distinctly charged and clearly established : Swoyerville Borough, 12 Pa. Superior Ct. 118 ; Moosic Borough, 12 Pa. Superior Ct. 353 ; Old Forge Borough, 12 Pa. Superior Ct. 359 ; Alliance Borough, 19 Pa. Superior Ct. 178 ; Leetsdale Borough, 25 Pa. Superior Ct. 623.

There is nothing in the legislation relating to the incorporation of boroughs which authorizes the presentation, by the parties, of requests for findings of fact by the court, and such requests filed in this case and the answers of the court thereto, made some time after the final decree had been entered, are not a part of the record proper. We find nothing in the record which would warrant us in holding that the court below had abused the discretion with which it was by law invested.

The order is affirmed and appeal dismissed at costs of the appellants.