# In Re Millbourne Borough  (No. 1).

*Boroughs—Incorporation—Appeals—Discretion of court—First-class townships—Farm lands—Notice.*

1. An appeal from a decree of the quarter sessions creating a borough is to be disposed of as if the writ were a certiorari and the Act of May 9, 1889, P. L. 158, does not change its essential nature.  Unless it is made to appear that there is some illegality in the proceedings disclosed by the record or that the court has been guilty of a clear abuse of a discretion which it is called upon to exercise, the decree ought not to be set aside.

2. The legislation classifying townships did not have for an object such a radical change in the law as would prevent the formation of a borough out of a portion of a first-class township.

3. Lands used exclusively for farming and not properly belonging to the village are properly excluded from the limits of a proposed new

borough, but the question whether land alleged to be used for farming purposes should be included is one of fact for the court having control of the proceeding to determine.

4. On appeal from a decree incorporating a borough the fact that it does not appear that advertisement was made as required by the statute is not fatal where the record shows that proof of publication was offered and the decree finds that the proceedings were regular, particularly where no objection was made to the sufficiency of the notice in the court below and all parties were present in court.

Argued Nov. 21, 1910. Appeal, No. 252, Oct. T., 1909, by Howard Sellers et al., from decree of Q. S. Delaware Co., Misc. Q. S. 345, incorporating the borough of Millbourne. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition to incorporate the proposed borough of Millbourne. Before JOHNSON, P. J.

The proposed borough limits comprised forty-five acres of land in the northeast corner of Upper Darby township, a township of the first class in Delaware county, directly adjoining the city of Philadelphia.

Further facts appear in the opinion of the Superior Court.

*Error assigned* was decree incorporating the borough.

*William I. Schaffer*, for appellants.—The creation of two municipalities where one will meet all the needs of the people is a useless expenditure and a burden on the taxpayers: Little Meadows Boro., 35 Pa. 335.

The incorporation of such a borough as the one proposed is against the intent of the first-class township Act of April 28, 1899, P. L. 104.

The advertisement was defective: In re Dupont Boro., 14 Pa. Dist. Rep. 675.

*O. B. Dickinson*, with him *I. E. Johnson*, for appellees.— The law has committed the decision of this question to the

court of quarter sessions: Swoyerville Boro., 12 Pa. Superior Ct. 118; Camp Hill Boro., 142 Pa. 511.

The question as to what lands should be included is for the discretion of the court below: Alliance Boro., 19 Pa. Superior Ct. 178; Edgeworth Boro., 25 Pa. Superior Ct. 554; Narberth Boro., 171 Pa. 211.

Appellants, having taken actual notice of the proceedings and contested them throughout, cannot be heard to complain of the sufficiency of the notice: Camp Hill Boro., 142 Pa. 511; Moosic Boro., 12 Pa. Superior Ct. 353.

OPINION BY HENDERSON, J., March 3, 1911:

It has been settled by numerous decisions that an appeal from a decree of the court of quarter sessions creating a borough is to be disposed of as if the writ were a certiorari and that the Act of May 9, 1889, P. L. 158, giving to the proceeding the form of an appeal did not change its essential nature. No right of appeal was allowed to review such a case on its merits prior to the passage of that act and it does not expand the law theretofore existing so that the evidence may be examined and reviewed to determine the propriety of the decree. A reference to Camp Hill Boro., 142 Pa. 511, and Swoyerville Boro., 12 Pa. Superior Ct. 118, is sufficient. All the questions of fact bearing on the expediency of the proposed incorporation are committed by the act of June 26, 1895, P. L. 389, to the court of quarter sessions and the appellate courts have no authority to review the exercise of that discretion except where an abuse of discretion is distinctly charged and clearly established: Moosic Boro., 12 Pa. Superior Ct. 353; Old Forge Boro., 12 Pa. Superior Ct. 359; Leetsdale Boro., 25 Pa. Superior Ct. 623; Mill Creek Boro., 32 Pa. Superior Ct. 465. The legislation on the subject very wisely intrusts the determination of the advisability of the creation of a borough to the court of quarter sessions. Authority must exist somewhere and it is well vested in a tribunal having knowledge of the vicinage and the people and occupying an impartial and

disinterested attitude with reference to the subject. Unless it is made to appear, therefore, that there is some illegality in the proceedings disclosed by the record or that the court has been guilty of a clear abuse of a discretion which it was called upon to exercise, the decree ought not to be set aside: Taylor Boro., 160 Pa. 475; Narberth Boro., 171 Pa. 211. The opinion filed by the learned judge of the court below contains a very clear and comprehensive discussion of the questions of fact involved in the case and contains persuasive reasons for the conclusion arrived at. We are not convinced that there was an unwarranted exercise of discretion in entering the decree appealed from. On the contrary, an examination of the map of the proposed borough and the contiguous territory and a consideration of the facts taken account of by the court induce the belief that the creation of the borough was expedient and that the discretion of the court was not improperly exercised.

Objection is made to the legality of the proceeding on the ground that a borough cannot be created out of territory within the limits of a township of the first class. It is not claimed that any statute expressly limits the power of the court nor that any precedent forbids the proceeding. The proposition is one of inference from the provisions of the act of April 28, 1899, P. L. 104, and its supplements, creating and providing for the government of townships of the first class. It is, of course, conceded that prior to the passage of these statutes a part of a township could be formed into a borough. In fact they were almost universally created from township territory. The legislation classifying townships did not have for its object a change in the essential nature and character of a township as a municipal organization. A large increase in the population of rural territory in some of the counties of the state, generally in close proximity to cities, called for a more extensive and efficient form of government than that provided by the general laws regulating townships, to be applied in districts where the

population was denser than usually found in the country but so located in the district as to make the formation of boroughs impracticable or inadvisable. But there is nowhere any exemption of such townships from the operation of the law relating to the incorporation of boroughs, and the fact is that the demand for the creation of boroughs and the necessity for such municipal organization is greater in these populous districts. It is where the population is increasing in compact settlements that the necessity exists for a different form of government from that which can be had in a township. Doubtless the provision for the government of townships of the first class more nearly meets the requirements of a thickly settled population than was the case under the old law, but it was not intended to take the place of the elaborate legislation providing for the government of boroughs. A township having the minimum population necessary to constitute it a township of the first class and devoted in large measure to residential purposes would ordinarily not require the same form of government which the needs of a densely settled locality demanded. There is not a sufficient foundation, therefore, for the inference that in the classification of townships it was the intention of the legislature to make so radical a change in the law providing for the formation of boroughs as the argument of the appellant makes necessary. Except to the extent authorized by the act of 1899 and its supplements, townships of the first class are subject to the conditions theretofore existing. In Dempster v. United Traction Co., 205 Pa. 70, the question arose whether the township officers in a township of the first class could give authority to a traction company to build its lines without the consent of the abutting property owners and in the course of the discussion of that subject the court said: "The act of classification does not attempt to create a hybrid borough, neither township nor borough; it obviously intends to preserve the old township organization with all its powers and duties except where it expressly enacts otherwise."

We do not find anything in the legislation relating to the classification of townships which would permit us to conclude that there is contained therein an implied repeal of that part of the law of the state which permitted the creation of a borough out of a portion of any township.

Further objection is made that land of Howard Sellers is included in the borough. This is a homestead of seventeen acres said to be used for farming purposes, but this raises a question of fact for the consideration of the court below. An examination of the map of the territory to be incorporated leads us to believe that it was not improper to include the land in question. The court has found that it was in no sense a farm but a homestead in the suburbs of a great city. It is assessed for taxation at $40,000 and is said to be worth more than three times that amount. It is so related to the closely built up part of the territory involved as to be properly connected therewith in any project for the formation of a borough. The fact that part of it is used for farming purposes does not prevent its inclusion. Nearly all of the boroughs in the commonwealth inclose land which is used for agricultural purposes. Blooming Valley Boro., 56 Pa. 66, illustrates what has been done with reference to the inclusion of farm lands. Lands used exclusively for farming and not properly belonging to the village are rightly excluded, but what land belongs to this class is a question of fact to be determined by the court having control of the proceeding. These considerations apply as well to the complaint that the low land along Cobbs Creek was included. If the borough is to exist at all this land naturally would come within the corporate limits as would also the Millbourne Mills property.

Objection is made that it does not appear that the advertisement was made as required by the statute, but the record shows that at the hearing before the court the proof of publication was offered and the decree finds that the proceedings are regular. It is to be noticed, too, that no objection was made to the sufficiency of the notice in

the court below and all the parties took notice of the proceeding and were present in court. The appellants have lost no opportunity or advantage, therefore, and have been in no way prejudiced even if proof of notice had not been filed: Edgewood Boro., 130 Pa. 348; Camp Hill Boro., 142 Pa. 511.

Another ground of complaint is that the decree was not entered in time, but this is without merit. The case was regularly proceeded with and after the argument it was taken under advisement by the court and the usual order under such circumstances was entered c. a. v. The effect of this was to continue the case until a final judgment should be rendered. It was clearly within the power of the court to enter an order which would give time to examine the voluminous evidence and consider the various legal propositions presented and dispose of them in a deliberate and orderly way: Ivyland Boro., 27 Pa. Superior Ct. 19. We have not found any errors of law in the record brought up nor are we convinced that an abuse of discretion was committed.

The appeal is dismissed and the decree affirmed at the cost of the appellants.